# HARRY A. LIMBERT v. JOSEPH L. JONES.

APPEAL BY DEFENDANT FROM THE COURT OF COMMON PLEAS NO. 1 OF PHILADELPHIA COUNTY.

Argued April 10, 1890—Decided June 4, 1890.

In an action wherein the plaintiff seeks to recover damages for the breach of a contract, a notice of special matter, given by him in a former action between the parties, whereby as a defence thereto he set up the same breach of contract and claimed damages therefor much less in amount than he now claims, is admissible as a previous declaration made by him on the subject of the extent of the injury complained of.

Before PAXSON, C. J., STERRETT, WILLIAMS, McCOLLUM and MITCHELL, JJ.

No. 285 January Term 1890, Sup. Ct.; court below, No. 97 June Term 1889, C. P. No. 1.

On May 31, 1889, Harry A. Limbert brought assumpsit

Statement of Facts.

against Joseph L. Jones, guardian of Ada L. and Charles O. Herman, minor children of Abraham Herman, deceased. Issue.

At the trial on November 15, 1889, before BREGY, J., it was shown that in 1885, Limbert, the plaintiff, with the consent of Jones, the defendant, bought from Mahlon Schock and Frank B. Basford their interests as lessees, from Jones as lessor, of certain premises at the corner of Eighth and Green occupied as a hotel and restaurant. This lease was to expire according to its terms on March 31, 1887, and Limbert purchased from the tenants, as his testimony tended to show, with the consent of Jones and under an engagement by the latter that he would execute a new lease to him for three years, on the termination of that under which Schock and Basford held. It was also shown, as testified by Limbert, that after his purchase of the leasehold, and upon the faith of the engagement for the renewal referred to, he made valuable improvements upon the property at his own expense; that, in violation of the agreement, Jones, on April 2, 1887, entered judgment in ejectment against him, by virtue of a warrant of attorney contained in the old lease, and dispossessed him: See Limbert's App., 118 Pa. 589; and that he sustained damages to the amount of $2,500.

The defendant, Jones, denied that he had agreed to execute a new lease to the plaintiff when the old one should terminate, and offered in evidence, inter alia, the record of an action to No. 227 June Term 1887, C. P. No. 3, wherein Jones was plaintiff and Limbert defendant, especially the notice of special matter served upon the plaintiff by the defendant therein. It appeared that the action in said cause was brought to recover rent due under the old lease, and therein the defendant, Limbert, pleaded payment with leave, etc., and filed a notice of special matter as follows:

"That some time previous to March 31, 1887, the plaintiff made a new lease of the premises described in the declaration herein for the year commencing first of April, 1887; that in accordance with this lease the defendant continued to hold the said premises until May 26, 1887, until he was ejected from the same by the said plaintiff; that the defendant has paid the rent for the said premises to the plaintiff for the month of April, 1887; that the defendant was forcibly and wrongfully ejected from the said premises on May 26th by the said plaint-

iff, and that the said defendant suffered damage in consequence of said wrongful ejectment in the sum of five hundred dollars."

The record, showing also, that, defendant Limbert failing to appear when the case was called, judgment had been entered for the plaintiff Jones, for the full amount of his claim, was offered "to show by persuasive evidence, the weight of which was to be left to the jury, the falsity of the allegations made by the plaintiff in this case." The plaintiff objected to the admission of said record, "as being immaterial, irrelevant and not res judicata, and of the notice of special matter, on the same ground, and because a mere notice is not evidence to defeat the present action."

By the court: Objection sustained; exception.[2]

The cause having been submitted to the jury, a verdict was returned in favor of the plaintiff for $1,000. A rule for a new trial having been discharged, judgment was entered, when the defendant took this appeal, assigning for error, inter alia, the refusal of the defendant's offer.[2]

*Mr. J. C. Jones* (with him *Mr. Charles Davis*), for the appellant.

Counsel cited: Muirhead v. Kirkpatrick, 2 Pa. 425; Koons v. Hartman, 7 W. 20.

*Mr. Wm. Henry Lex*, for the appellee.

OPINION, MR. JUSTICE WILLIAMS:

The plaintiff was the tenant of the defendant, and as such in possession of the premises at the northwest corner of Eighth and Green streets. He alleges that he expended money upon the premises and the business, on the promise of the defendant that the lease should be renewed, and that when the lease expired the defendant repudiated the agreement to renew, and instituted legal proceedings to recover the possession. The damages sustained by him in consequence of the refusal to renew, and his ejection from the premises, are the cause of action sued for in this case. The defendant denies that he entered into any agreement to renew, and asserts that if such agreement had been made and violated, as alleged by the plaintiff, the damages claimed for are much beyond those actually suf-

fered. In support of the latter proposition, he made an offer, the rejection of which is complained of in the second assignment of error, and raises the important question in this case. The offer was to prove that the defendant brought an action in Common Pleas No. 3 against Limbert, shortly after he had recovered possession of the premises from him, to recover a balance of rent due ; that Limbert pleaded payment, and gave notice of the special matter he intended to offer in support of the plea ; that in the notice he set out the claim for damages now sued on, and stated the amount of his injury to be about one fifth of the amount now claimed. The offer was objected to by plaintiff's counsel as "immaterial, irrelevant, and not res judicata." The notice of special matter was objected to for the additional reason that it was "not evidence to defeat the present action." These objections were sustained by the learned judge who tried the cause, and the whole offer was excluded.

If it be conceded, as it may well be, that the record offered did not show an adjudication upon the claim for damages for the refusal to renew the lease, it ought also to be remembered that it was not offered for that purpose. The purpose of the offer was to show a declaration made by the plaintiff, very soon after he was put out of possession, on the subject of the extent of the injury sustained by him in consequence of the refusal to renew his lease, and the legal proceedings by which he was put out of possession. It did not conclude him on that subject, or prevent his making any explanation of the statement which the notice contained, but it was competent and relevant. The jury might not regard it as very important, but that was a question for their determination. Its admissibility was the only question before the court. The plaintiff was asserting a claim for damages, and supporting it by his own oath as a witness. Very clearly, therefore, his previous declarations upon the same subject were admissible against him, both because they were the declarations of the party, and because they affected, or tended to affect, the degree of credibility to which he was entitled as a witness. It is not necessary to cite authorities in support of a proposition so elementary. The jury had to decide whether the alleged contract for a renewal of the lease was made as alleged by the plaintiff, and, if so, what

Statement of Facts.

damages were sustained by him in consequence of its breach. He had the right to go upon the witness stand, and give his own version of the contract, and of his losses growing out of its violation; but what he had said when off the stand, upon these subjects, was as clearly competent against him as was his testimony for him. The objections to the offer should, therefore, have been overruled, and the evidence allowed to go to the jury.

> The second assignment of error is sustained, the judgment is reversed, and a venire facias de novo awarded.