## Irvin v. Kutruff et al., Appellants.

[Marked to be reported.]

152    609
25 SC ⁴637
152    609
33 SC ⁴ 83

*Practice—Assignment of error embracing several points.*

An assignment of error which alleges that " the court erred in affirming plaintiff's points " violates rule 12, which requires a specification of the particular errors, and also rule 22, requiring each error to be specified particularly and by itself.   Such specification must according to rule be regarded as a waiver of all errors or as no assignment of either.

*Assignments of error—Quoting answer to point.*

An assignment of error which quotes the answer to a point but not the point violates rule 23, requiring both point and answer to be quoted; and such assignment will not be considered.

*Self-explanatory specification—Quotation from charge.*

A specification of error must be self-sustaining; an extract from a judge's charge which is unintelligible without the context to which it refers, is not, as it should be, self-explanatory and cannot be considered.

*Severance of sentences from context.*

It is always unsafe as well as unfair to sever a single sentence from the body of a judge's charge and undertake to construe it by itself without regard to what may have been said in the same connection or in other portions of the charge.   Where, therefore, the error specified was that the judge charged that a certain line of a survey was not run on the ground, for which he had no warrant; yet upon reading the entire charge as a whole it appeared that the language complained of was not intended to convey that meaning, but in other parts of the charge, and in his answer to points, the judge left it to the jury whether the line was or was not run upon the ground, the specification of error will not be sustained.

*Conduct of judge—Explanation of maps—Exception—Review.*

There is no rule of law or principle of judicial ethics prescribing the proper attitude of a trial judge while engaged in charging a jury.   When dictated by considerations of convenience in explaining maps, etc., to the jury, it may be safely left to the sound discretion of the judge himself. In other cases it is perhaps purely a question of taste and as such not reviewable.   In order to review such action of the court, the facts must be brought upon the record by bill of exception.

Argued Oct. 12, 1892.   Appeal, No. 203, Oct. T., 1892, by defendants, George Kutruff et al., from judgment of C. P. Cambria Co., No. 26, Sept. T., 1889, upon verdict for plaintiff, E. A. Irvin, in ejectment.   Before PAXSON, C. J., STERRETT, GREEN, WILLIAMS, McCOLLUM, MITCHELL and HEYDRICK, JJ.

Ejectment.    The facts appear by opinion of Supreme Court.

*Errors assigned* were as follows :

" 1.  The court erred in affirming the plaintiff's points.

" 2.  The court erred in not affirming the 5, 6, 7 and 8 points presented by defendants.

" 3.  The court erred in the answer to the 8th point of defendants in saying : ' We say that if you find the birch to be located as claimed by the defendants, and it is proved to your satisfaction, in such a way that there can be no controversy about it, that the birch was located north of Whitman Run, of course that would be its location.'

" 4.  The court erred in the charge, ' but in saying and submitting that to you, I deem it my duty to say that in order to locate the division line between the John Cook and Frederick Dorsh in that way, there ought to be clear, distinct and conclusive testimony indicating that this line was run and marked upon the ground in 1793.'

" 5.  The court erred in the charge, ' Now it is admitted by the plaintiff and the defendants that these interior lines were not run on the ground, and the fact that they were not run on the ground, is conclusively shown by the fact that no evidence can now be found that they were ever run upon the ground.' "

6, 7.  As quoted in opinion of Supreme Court.

*Alvin Evans, F. A. Shoemaker* with him, for appellant.— Maps on any part of a block belong to each tract of a block : Collins v. Barclay, 7 Pa. 67 ; McDermott v. Hoffman, 70 Pa. 31.    Absolute certainty is not expected in evidence : Spencer v. Colt, 89 Pa. 314 ; Young v. Edwards, 72 Pa. 257 ; Ott v. Oyer's Ex., 106 Pa. 17 ; Hart v. Carroll, 85 Pa. 508.

*Thos. H. Murray, Cyrus Gordon* with him, for appellee, cited Jackson v. Lambert, 121 Pa. 182 ; Bloom v. Ferguson, 128 Pa. 362 ; Ferguson v. Bloom, 144 Pa. 549 ; Com. v. Orr, 38 Pitts. L. J. 141.

OPINION BY MR. JUSTICE STERRETT, January 3, 1893 :

It is very seldom that the rules of court, relating to specifications of error, are ignored to such an extent as they are in this case.

The first specification is : " The court erred in affirming

plaintiff's points." It may be inferred from this that plaintiff presented at least two points for charge, and that they were affirmed by the court; but what the points were, and whether more than two were presented, the so-called specification does not inform us. Referring to the charge of the court, we find that four points were presented by plaintiff, the first of which was refused, the second and third affirmed, and the fourth qualified.

Rule XII requires appellant's counsel to "specify in writing the particular errors which he assigns and file the same in the prothonotary's office." Rule XXII declares: "Each error relied on must be specified particularly and by itself. If any specification embrace more than one point, or refer to more than one bill of exceptions, or raise more than one distinct question, it shall be considered a waiver of all the errors so alleged." Rule XXIII requires: "When the error assigned is to the charge of the court, or to the answer to points, the part of the charge, or the points and answers referred to must be quoted totidem verbis in the specification."

The first specification manifestly violates each of these rules. It does not specify any particular error. At best, it is in an attempt to group together, in one assignment, all the points presented by plaintiff and affirmed by the court, and to complain of each and all of them as errors; and that, too, without quoting a single point or answer thereto. According to rule, such an attempt at specifying errors must be regarded either as a waiver of all, or as no assignment of either. In either view it is not entitled to further notice, and is therefore dismissed.

The second specification is in pari delicto. It also offends against the same rules, in that it attempts to group together several distinct causes of complaint without specifying either of them.

The third offends against rule XXIII, in that, while it quotes the court's answer to defendant's 8th point, it is silent as to what that point is. The point as well as the answer should have been "quoted totidem verbis" in the specification.

The fourth is defective in that it consists of a single sentence quoted from the body of the charge, but so severed from the context, to which it evidently refers, that it is unintelligible without it. The sentence quoted reads thus: "But, in

saying and submitting that to you," etc. The natural and necessary inquiry is, what did the court say? What was submitted to the jury? The context answers these inquiries, and to make the specification intelligible, it should have been quoted in connection with the sentence complained of. Without that, the specification is not, as it should be, self-explanatory. As was said in Burkholder v. Stahl, 58 Pa. 377, an " assignment of error must be complete in itself; that is, self-sustaining." The opinion of Mr. Chief Justice THOMPSON in that case shows that in days of yore some " learned professors of the law " were disposed to regard rules of court as useless and burdensome, just as a few of their successors do now. It also shows very conclusively that the rules in question are grounded in reason as well as necessity. The opinion is well worthy of careful perusal and grave consideration.

Without further comment we refer to Outerbridge's rules, etc., 37, 38, notes, and McAlarney's rules (1892) 33, 34, in each of which will be found a collection of authorities on the general subject. Even a hasty perusal of these will show that by " precept upon precept, precept upon precept; line upon line, line upon line ; here a little and there a little," this court has endeavored to impress upon counsel the utility as well as the necessity of complying with the rules of court. While it is matter of congratulation that they are so generally observed, it is to be regretted that a few gentlemen of the bar occasionally ignore them.

The fifth specification relates to what was said by the court as to interior lines of the block not having been run on the ground. It consists of a single sentence, extracted from the body of the charge and recited in the specification. If by that language, the learned judge meant to be understood as saying that none of those lines were run, or that the line in question, claimed by the defendants, was not run on the ground, he was not warranted in so doing ; but, after reading the entire charge, and considering it as a whole, we think the language complained of was not intended to convey that meaning and could not have been so understood by the jury. It is always unsafe, as well as unfair to the trial judge, to select a single sentence from the body of his charge, sever it from the context and undertake to construe it by itself, without regard to what he

may have said in the same connection, or in other portions of his charge.

After having explained to the jury that the subject-matter of the controversy was the location of the division line between the John Cook survey on the northwest and the Frederick Deorsch on the southeast, he called their attention to the Jasper Ewing and other surveys constituting what is known as the "Drinker block of surveys," embracing the two tracts above mentioned, and also to certain facts about which there was little or no controversy. Subsequently he referred to the testimony of both parties bearing on the location of the line in dispute. In that connection he said, among other things, "the defendants also claim they have the testimony of Mr. Kutruff. I think perhaps there was another witness,—who he was I do not remember;—but Mr. Kutruff testifies that he was on the ground there and saw a birch stump some ten or twelve feet high. I do not remember of his saying that there were marks upon it. The defendants claim that there being a birch stump there, whether marked or not, would indicate that that was the point where the birch would be expected to be found. If there was a well marked line running to the birch stump at that point, anywhere near the official course and distance, the mere fact, that the birch was not marked as a corner, could not destroy the line. But as these four surveys were to have a common corner—that is, the John Miller, the Frederick Deorsch, the William Cook and the John Cook call for a common corner—and that corner was a birch, you would expect, and have a right to expect, that when the birch was found there upon the ground that there would have been marks upon it," etc. He then instructed the jury that if they found the common corner of the four tracts to be at the point claimed by the plaintiff, they must "locate the southern boundary, or the division line between the John Cook and the Frederick Deorsch, by running the line, by its official course, with due variation, south 54 degrees west, between these surveys; and that would fix the division line between them. That is the law, as I understand it, and the fact that this hemlock corner may be where the defendants or where the plaintiff claims it to be, cannot change the location of the line, if you find the birch to have been where the plaintiff claims, where these two old lines intersect, if you find

that these two old lines were run and marked on the ground. If, however, you find that this hemlock corner is the corner claimed by the defendants, and there is any mark upon this line running northwest from it, you may start and run a line from there northwest, the official course and distance, and then turn and run at right angles." Slight and unreliable as the defendant's evidence on the subject was, the sentence last quoted shows that the learned judge did not mean to withdraw from the consideration of the jury the question whether the line claimed by defendants was run upon the ground or not. That such was not his intention is further evidenced by his affirmance of defendants' first, second, and third points. By affirming their second point he instructed the jury, in the language thereof, that if they believed " the birch corner was where the testimony of the witnesses on the part of the defence located same, then the line between the John Cook and Frederick Deorsch is where the defendants allege the same to be, and the verdict should be for the defendants." Other portions of the charge are to the same effect. In plaintiff's first point the court was requested to charge that " the testimony on the part of the defendants, relating to a birch north of Whitmer run, and a line from the southwest, is insufficient to establish an original line and corner, as claimed by them, as against the location shown by the plaintiff, and the verdict must be for the plaintiff." The learned judge refused to so charge because it was virtually a request to take the case from the jury; and then he said : " We think there are facts here which the jury are entitled to consider." Aside from the fact, implied in this last remark, that it was the province of the jury to pass upon the credibility of the witnesses on either side, we are not prepared to say that it would have been error to have affirmed the point. The character of the plaintiff's evidence, as to the location of the birch, called for as a common corner of the four tracts, was so different from that of the defendants, that no jury could find in their favor without discrediting plaintiff's witnesses.

The sixth specification alleges error, " in giving undue prominence to the testimony of plaintiff's witnesses, and thereby influenced the verdict of the jury."

An examination of the entire charge has failed to make any

such impression on us.  The theory of the defendants, as well as the testimony adduced in support of it, was fairly presented, and commented on in a way that was not unwarranted by the nature and character of the testimony itself.  If the testimony of plaintiffs' witnesses appears to assume more prominence than that of the defendant's, it is due not to the fault of the learned trial judge, but to the nature and quality of the testimony itself.  We cannot say that undue prominence was given to the testimony of the witnesses on either side, or that undue weight was attached to any portion of the evidence.

The seventh specification charges that the learned judge " erred in leaving the bench and pointing. out, from the plaintiff's chart, the plaintiff's theory of location, and thereby unduly influencing the verdict of the jury in favor of the plaintiff."

We are not aware of any rule of law or principle of judicial ethics by which the proper attitude of a trial judge, while engaged in charging the jury, can be either accurately or safely determined; nor have we been referred to any.  In some cases it is doubtless dictated by considerations of convenience in explaining maps, charts, surveys, etc., to the jury, as was done in this case.  When that is so, it may be safely left to the sound discretion of the judge himself.  In all other cases, perhaps, it is purely a question of taste, and as such not reviewable.  *De gustibus non est disputandum.*

But it does not appear that the facts upon which this question arose have been brought upon the record by bill of exception.  The specification is therefore dismissed.

We find nothing in the record that requires a reversal of the judgment.

Judgment affirmed.