Mary C. Edwards, Administratrix of Edward B. Edwards, deceased, *v.* Benjamin Gimbel, Isaac Gimbel, Charles Gimbel, Daniel Gimbel, and Ellis A. Gimbel, trading as Gimbel Bros., Appellants.

*Practice, Supreme Court—Charge of court—Record—Appeal.*

A charge of the court is regularly on the record where it is contained in a formal bill of exceptions signed by the judge.

*Negligence—Charge of court.*

In an accident case where all the evidence shows that the deceased was struck by a wagon as he was crossing the second of two railway tracks on a street, it is reversible error for the court to say to the jury "from the evidence it appears that he had only begun to cross."

In an action to recover damages for death it was claimed that the driver of defendants' wagon rapidly and recklessly drove against the deceased. The defendants claimed that the deceased darted unexpectedly in front of the horse and was struck, by his own fault. The court charged: " There can be no question about the negligence of the deceased, because there is no evidence which directly shows what he was doing, except the evidence of the two boys, and they say that he stepped directly in front of the horse. At all events, it is important for the jury to consider where he was when he was struck, and from the evidence it appears that he had only begun to cross." *Held,* that the charge was confusing and misleading, and that a judgment on a verdict for the plaintiff should be reversed.

Argued March 31, 1898. Appeal, No. 8, Jan. T., 1898, by defendants, from judgment of C. P. No. 3, Phila. Co., March T., 1896, No. 381, on verdict for plaintiff. Before GREEN, McCoLLUM, MITCHELL, DEAN and FELL, JJ. Reversed.

Trespass for death of plaintiff's husband. Before FINLETTER, P. J.

At the trial it appeared that on January 27, 1896, Edward B. Edwards, plaintiff's husband, was struck by a wagon of the defendants at the southeast corner of Seventh and Market streets in the city of Philadelphia.

The court charged in part as follows :

This action is brought to recover damages for injuries which were received in consequence of the negligence of the defendants' employee. . . . To recover in a case of this kind, it is necessary first of all, that the evidence should establish to the satisfaction of the jury that the employees of the defendants were negligent, and then no matter how negligent they may have been, if it appears from the evidence that the deceased was negligent in anything that contributed to the accident, the verdict must be for the defendants. . . . [It is the duty of every one using the highway, and especially using it with a horse and vehicle, to have control of that vehicle. If an accident occurs in consequence of want of control over the animal, or negligence in driving, the owner of the vehicle is responsible.] [1]

It is for you to say, under the evidence, what was or was not negligence on this occasion. If you believe the evidence of the defendants, the defense is absolute and conclusive. The defense is that they were walking the horse, and one who is driving a horse cannot be expected to go slower than a walk, and a person walking a horse along a highway is presumed to have absolute control over the horse and vehicle at that time. You will recollect that the watchman swore that they were driving at a reckless and dangerous speed. That is contradicted by the two witnesses for the defendants, one being the driver of the wagon and the other the boy who accompanied him. [Where there is a conflict of this kind, it is for the jury to endeavor to ascertain from all the circumstances of the case

exactly what is the truth of the matter, because upon the evidence that you rely upon, you must base your verdict. It is an important matter, from this point of view, for the jury to consider whether a person walking a horse, with a vehicle attached, could not at once stop him, even if a person walked in front of the horse.

Again, it is for you to consider how far this wagon went after the accident. That is an important matter for you to determine, and it will have certainly some bearing on the rate of speed, because one driving at a reckless rate has not that control over a horse that one has who is walking his horse.] [2] [So that after all, this case comes down simply to a question of whether you believe one set of witnesses or the other. If you believe the witnesses for the defendants, then your verdict ought to be for the defendants. On the other hand, if you believe the watchman, and believe that the driver of the wagon was driving in a reckless, careless manner, and had not that sufficient control over his horse and vehicle that he ought to have had, then your verdict ought to be for the plaintiff.] [3]

[There can be no question about the negligence of the deceased,] [4] because there is no evidence which directly shows what he was doing, except the evidence of the two boys, and they say that he stepped directly in front of the horse. At all events, it is important for the jury to consider where he was when he was struck, and from the evidence it appears that he had only begun to cross.

Verdict and judgment for plaintiff for $10,000. Defendants appealed.

*Errors assigned* were (1–4) above instructions, quoting them.

*John G. Johnson*, with him *J. Howard Gendell*, for appellants. —Where a duty suddenly arises the person charged with the duty is not responsible for its performance unless there is at least a consciousness of the facts from which it springs, and an opportunity to discharge the duty : Hestonville, etc., R. R. Co. v. Kelley, 102 Pa. 115 ; Brown v. French, 104 Pa. 604 ; Sekerak v. Jutte, 153 Pa. 117 ; Kline v. Electric Traction Co., 181 Pa. 276 ; Moss v. Traction Co., 180 Pa. 389.

Apart from this special situation, speed may be, and gener-

ally is, but an incident of the accident, and not its cause.    The person injured is bound to show that it is the cause :  Goshorn v. Smith, 92 Pa. 435 ;  Funk v. Traction Co., 175 Pa. 559 ;  Young v. Omnibus Co., 180 Pa. 75.

Where the testimony is the subject of comment it is error to confine the comment to the evidence on one side and to disregard that on the other.    The charge was in the nature of an argument for one side :  Fineburg v. Ry. Co., 182 Pa. 97 ;  Hess v. R. R., 181 Pa. 492.

The charge was confusing and misleading.

*D. Webster Dougherty,* for appellee.

OPINION BY MR. JUSTICE MITCHELL, July 21, 1898 :

The motion to quash the appeal must be denied.    The authorities cited by the appellee apply to cases where the charge is filed by the stenographer without affirmative evidence that it was done at the direction or with the approval of the judge. But in the present case the charge is contained in a formal bill of exceptions signed by the judge, and is therefore regularly on the record.

The learned judge is reported as having charged the jury : " There can be no question about the negligence of the deceased because there is no evidence which directly shows what he was doing, except the evidence of the two boys, and they say that he stepped directly in front of the horse.    At all events, it is important for the jury to consider where he was when he was struck, and from the evidence it appears that he had only begun to cross."    This language is not consistent with the rest of the charge or with the evidence.    Whether it meant that the deceased's negligence or that his freedom from negligence was beyond question, is uncertain.    If it meant that the only evidence in the case showed the deceased's negligence, the judge would of course have nonsuited the plaintiff or have directed for the defendants, but the rest of the charge shows conclusively that that was not the meaning, as in the same paragraph the judge proceeds to discuss the speed of the wagon as the important element in determining the deceased's negligence as well as the driver's.    In either meaning of the phrase it is clear that it was erroneous.    We have little doubt that it is misreported by

the omission or change of one or more words, but we must take the record as we find it, and so taken the language could hardly fail to confuse and mislead the jury.

In the same passage it is also said "from the evidence it appears that he had only begun to cross." This is directly contrary to all the evidence. Both parties agree that deceased was crossing from the north to the south side of Market street, and was struck on or just south of the southernmost rail of the east bound or southern track, so that instead of having just begun to cross he was just finishing the crossing. Plaintiff claims that the driver rapidly and recklessly drove against the deceased, defendant that deceased darted unexpectedly in front of the horse, and was struck by his own fault, and not that of the driver. This was the question for the jury.

Judgment reversed, and venire de novo awarded.