## Brinton *v*. Walker & Company.

*Charge of court—Reference to inconsistent evidence.*

The credibility of the plaintiff being very prominently in the case, it is entirely proper for the trial judge to call the attention of the jury to inconsistencies in his testimony.

*Practice, Superior Court—Assignments of error—Excerpts from charge.*

Excerpts from a charge are to be considered with the charge, and excerpts which ignore the parts of the charge immediately preceding and following them, are not reliable without inspection of the charge in its entirety. Fricker v. Bridge Co., 197 Pa. 443.

In assigning error to the charge of the court it is contrary to good practice after quoting one sentence and part of the succeeding to skip to another, take an excerpt from that and pass on to dismember another. Such a course is both unsafe and unfair to the trial judge, and has received the frequent condemnation of the appellate courts.

Argued Nov. 22, 1900. Appeal, No. 155, Oct. T., 1900, by plaintiff, in suit of Victor Brinton against Walker & Company, from judgment of C. P. Chester Co., April T., 1900, No. 62, on verdict for defendants. Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER and W. D. PORTER, JJ. Affirmed. Per Curiam.

Interpleader. Before BUTLER, J.

It appears from the record that an interpleader was framed

to try the title of the plaintiff to certain property taken in execution.

Verdict and judgment for defendant. Plaintiff appealed.

*Error assigned* was in its general charge to the jury as follows : " You will realize that the serious question, the only question which is presented here in effect, is whether or not the plaintiff did, as the two Walkers, constituting the firm of S. C. Walker & Company, have testified, and as the plaintiff denies, use language inconsistent with his testimony here, inconsistent with his ownership of the property which is involved in this suit. The two defendants tell you that he did. . . . Again they tell you, or at least one of them tells you, that on a certain occasion, I think at the farm, the plaintiff said that his father owned the personal property on the farm. . . . If he said that then, that was surely inconsistent. " To which an exception was noted as follows : " Counsel for plaintiff excepts to that part of the charge of the court to the jury where the court said in substance that the two defendants testified that the plaintiff made statements inconsistent with his ownership of the property. And prays the court to seal a bill of exception thereto, which is done accordingly. "

*W. S. Harris*, for appellant.

*J. Frank E. Hause*, for appellees.

PER CURIAM, December 10, 1900 :

The plaintiff's mode of assigning error in the charge is not to be commended, and we are not disposed to give it a seeming approval by silence. After quoting one sentence and part of the succeeding one, he then skips to the third sentence, and, after quoting part of it and omitting part, as well as the sentence which immediately follows, he concludes with the sentence that follows. It is no excuse to say that the omitted portions of sentences and the omitted sentence thus dismembered from the portion of the charge assigned as error do not relate to the same matter, for that is not the fact. In Irvin v. Kutroff, 152 Pa. 609, Chief Justice STERRETT said: " It is always unsafe, as well as unfair to the trial judge, to select a single sentence from the body of his charge, sever it from the context and un-

dertake to construe it by itself, without regard to what he may have said in the same connection or in other portions of his charge." 'But passing the obvious defect in the assignment, and considering the instructions as the plaintiff has seen fit to present them, there was no error. If in August, 1899, the plaintiff declared that the personal property on the farm belonged to his father, that was inconsistent with his testimony on the trial that he had acquired title to part, at least, of the same personal property prior to that time. It was entirely proper to call the jury's attention to the inconsistency as a matter bearing upon the question of his credibility, which, after a perusal of the testimony, we feel constrained to say was very prominently in issue.

Judgment affirmed.