## Ludwig Piano Company *v.* Browne, Appellant.

*Replevin—Possession—Demand—Damages.*

There is good ground for an action of replevin where property is shown in the plaintiff, and a refusal on the part of the defendant to deliver it upon demand.

Where a piano company places a piano in a house in order to secure either a lease or a sale through the wife, and this is done in spite of the remonstrances of the husband, it should not, in an action of replevin to recover possession of the piano, be permitted to charge the defendants with damages arising from the reasonable use of the piano up to the time of the demand for its return.

*Appeals—Assignments of error—Charge.*

An assignment of error in the following form violates rule 15: "The learned trial judge erred in submitting the case to the jury, in contradiction to the plaintiff's theory."

The refusal of a nonsuit is not assignable for error.

Detached portions of the charge assigned for error will not be considered, where it is impossible to determine, from the assignments themselves, what the judge decided as to any of the several questions involved.

Argued Oct. 13, 1906.    Appeal, No. 223, Oct. T., 1906, by defendants, from judgment of C. P. No. 3, Phila. Co., March T., 1902, No. 2,255, on verdict for plaintiff in case of The Ludwig Piano Company v. Charles A. Browne and Mrs. Charles A. Browne.   Before RICE, P. J., PORTER, HENDERSON, MORRISON, ORLADY, HEAD and BEAVER, JJ.   Affirmed conditionally.

Replevin for a piano.   Before McMICHAEL, J.

The facts are stated in the opinion of the Superior Court.

Verdict and judgment for plaintiff for the piano and $100 damages.

*Errors assigned* were in the following form:

1. The learned trial judge erred in refusing defendants'· motion for a nonsuit.

2. The learned trial judge erred in submitting the case to the jury in contradiction to the plaintiff's theory.

3. The learned· trial judge erred in charging the jury as follows: " But in reaching a conclusion it is well to look upon those matters as matters of common sense, and I do not see

how you can give a verdict under the evidence for the de-
fendants."

4. The learned trial judge erred in charging the jury as fol-
lows: "If you think the plaintiff is entitled to damages for de-
tention, it is entitled to a verdict for $100.

5. The learned trial judge erred in charging the jury as
follows: "I was reminded of that saying of one having the
penny and the cake both."

6. The learned judge erred in charging the jury as follows:
"If, on the other hand, you think that the piano was put there
against the wish of Mr. Browne and of Mrs. Browne."

*A. B. Repetto*, for appellants.—The plaintiff is not entitled to
damages for detention: Segelbaum v. Ensminger, 117 Pa. 248.

The contract to pay storage may be implied: Grove v. Bar-
clay, 106 Pa. 155.

*Charles K. Westbrook*, for appellee.—One of the incidents
peculiar to the action of replevin in Pennsylvania from the
earliest days has been that of damages for detention: Gordon
v. Jenney, 16 Mass. 495; Warner v. Aughenbaugh, 15 S. & R.
9; Moore v. Shenk, 3 Pa. 13; Mackinley v. McGregor, 3
Whart. 369; Fisher v. Whoollery, 25 Pa. 197; Miller v.
Warden, 111 Pa. 300.

OPINION BY BEAVER, J., February 25, 1907:

The action here is replevin. That the ownership of the
piano, which is the subject of controversy, is in the plaintiff is
not denied. It is practically uncontradicted that the piano
was delivered at the house of the defendants under an arrange-
ment with Mrs. Browne, by which a lease or a sale was ex-
pected to follow. That there was a persistent refusal to deliver
the piano to the plaintiff, upon repeated demands, is abundantly
proved and is practically not denied. If there were nothing
else in the case, the refusal of the defendants to deliver the
piano, except upon the payment of storage, would of itself be
evidence of that refusal. We have, then, property in the plain-
tiff and a refusal on the part of the defendants to deliver it
upon demand. This is good ground for an action of replevin.

The specifications of error are six in number.

The first assigns for error the refusal of "defendants' motion

for a nonsuit." This is not assignable for error: Davis v. Ins. Co., 5 Pa. Superior Ct. 506, and cases there cited.

The second—" The learned trial judge erred in submitting the case to the jury, in contradiction to the plaintiff's theory " — is not a proper assignment under our Rule XV, which requires that " When the error assigned is to the charge of the court, or to answers to points, or to findings of fact or law, the part of the charge, or the points and answers, or findings referred to, must be quoted totidem verbis in the assignment." This assignment gives us no information as to the manner in which the judge submitted " the case to the jury, in contradiction to the plaintiff's theory." It cannot, therefore, be considered.

The third, fifth and sixth assignments detach single sentences and a part of a sentence from their context and assign them for error as follows: in the third: " But in reaching a conclusion it is well to look upon those matters as matters of common sense and I do not see how you can give a verdict under the evidence for the defendant; " in the fifth: " I was reminded of that saying of one having the penny and the cake both; " in the sixth: " If, on the other hand, you think that the piano was put there against the wish of Mr. Browne and Mrs. Browne." None of these assignments convey any adequate idea of what the judge decided, nor of his disposition of any question of law involved. They, of course, meant something in their proper connections, but, disjointed and detached as they are, it is impossible to determine, from the assignments themselves, what the judge decided as to any of the several questions involved. It was said by Mr. Chief Justice Sterrett, in Irvin v. Kutruff, 152 Pa. 609: " It is always unsafe as well as unfair to the trial judge to select a single sentence from the body of his charge, sever it from the context and undertake to construe it by itself, without regard to what he may have said in the same connection, or in other portions of his charge." See also Brinton v. Walker, 15 Pa. Superior Ct. 449; Cox v. Wilson, 25 Pa Superior Ct. 635. These specifications of error are, therefore, also disregarded.

The fourth specification is: " The learned trial judge erred in charging the jury as follows: ' If you think the plaintiff is entitled to damages for detention, it is entitled to a ver-

dict for one hundred dollars.'" This was equivalent to binding instructions for the plaintiff, fixing the amount of damages. This we think was erroneous. The question involved was one of fact; it depended upon oral testimony; it was clearly for the jury; it was undoubtedly their province to determine the credibility of the witnesses and, under proper instructions from the court as to the measure of damages, the amount to which the plaintiff was entitled.

The circumstances under which the piano was originally placed in the house of the defendants were peculiar. The plaintiff company evidently assumed the risk of securing either a lease or a sale through the wife, in spite of the remonstrances of the husband. Whilst the defendants were not thereby justified in refusing to deliver the plaintiff's property upon demand, at the same time the plaintiff company did not occupy such a vantage ground, legal or equitable, as to entitle it to any unusual consideration at the hands of a jury, much less to binding instructions. It expected the piano to be used, when it was placed upon the defendants' premises; it could expect nothing else, because by its use a sale or lease was to be effected. Why, then, should defendants be charged with damages arising from reasonable use at least to the time of the first refusal to deliver upon demand?

In view of the expense of another trial, we think this is a case in which the authority vested in us, by virtue of section eight of the Act of June 24, 1895, P. L. 212, to "affirm, reverse, amend or modify any order, judgment or decree as it (we) may think to be just," should be exercised. In order, therefore, to do substantial justice between the parties and to avoid the time and expense of further litigation, it is ordered, adjudged and decreed that the judgment of the court below in this case be affirmed, provided the plaintiff (the appellee here) shall within thirty days after the return of the record to the court below, file in the office of the prothonotary of said court a receipt or remittitur for the entire amount of the judgment rendered therein and the interest thereon, except the sum of one dollar for which amount as nominal damages the said judgment may remain; otherwise judgment reversed and a new venire awarded; the costs in this court in either event to be paid by the appellee.