## Laginsky et al., Appellants, *v.* McCollough.

*Practice, C. P.—Trial—Charge of court—Comment on credibility of witness—Negligence.*

1. Where plaintiff in an accident case admits, on cross-examination concerning the matter of his employment, that he had procured a letter to be written which had falsely represented his employment, and such examination bears on the question of damages, the trial judge commits no error in commenting on such episode as affecting the credibility of the plaintiff.

*Appeals—Evidence—Public records—School records—Objection to admission of evidence—Specific objection—Hearsay—Books of original entry.*

2. A party, on appeal, complaining of the admission of evidence in the court below will be confined to the specific objection made to it.

3. Where public school records are produced by a teacher of a school, and the only objection made is that they were not in the handwriting of the witness producing them, other objections to their admission on other grounds cannot be made in the appellate court.

4. School records are public or official records, and are admissible as such upon identification and proof of their custody and authenticity by the person producing them.

5. Such records are not hearsay; nor can the rule as to books of original entry be applied to them.

6. A judgment will not be reversed because a witness merely read from school records without such records having been formally offered in evidence.

*Negligence—Requests for charge—Contributory negligence.*

7. In a negligence case, points offered by plaintiff setting forth defendant's negligence and requesting binding instructions for plaintiff, but entirely omitting any reference to the contributory negligence of plaintiff, which was a material element in the case, are properly refused.

Argued March 26, 1924.   Appeals, Nos. 237 and 259, Jan. T., 1924, by plaintiffs, from judgment of C. P. No. 1, Phila. Co., Sept. T., 1922, No. 1093, on verdict for defendant, in case of Jacob Laginsky, by his mother and next friend, Rose Laginsky, and Rose Laginsky, in her own right, v. John McCollough.  Before FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.   Affirmed.

Trespass for personal injuries.   Before BARTLETT, J.

The opinion of the Supreme Court states the facts.

Verdict and judgment for defendant.   Plaintiffs appealed.

*Errors assigned* were instructions and rulings, quoting record.

*Harry N. Brenner,* for appellants.—There was prejudicial misquotation of testimony by the trial judge: Lombard, etc., R. R. v. Christian, 124 Pa. 114; Winters v. Maurer, 163 Pa. 239; Edwards v. Gimbel Bros., 187 Pa. 78; Paul v. Kunz, 195 Pa. 207; Phila. R. R. v. Alvord, 128 Pa. 42; Steinbrunner v. Ry., 146 Pa. 504; Galbraith v. Phila., 2 Pa. Superior Ct. 359.

The records of the school were inadmissible: Curren v. Crawford, 4 S. & R. 3; Juniata Bank of Penna. v. Brown, 5 S. & R. 226; Ingraham v. Bockius, 9 S. & R. 285; Forsythe v. Norcross, 9 S. & R. 432; Sitler v. Gehr, 105 Pa. 577.

Plaintiff was not guilty of contributory negligence: Gannon v. Wilson, 1 Sadler 422; McClung v. Cab Co., 252 Pa. 478; Gould v. McKenna, 86 Pa. 303; Creed v.

R. R., 86 Pa. 139; Hess v. Kemmerer, 65 Pa. Superior Ct. 247.

*J. W. McWilliams,* with him *C. S. Wesley,* of *Tustin & Wesley,* for appellee.—The trial judge did not misquote any testimony.

The evidence of the public school records was admis‹ sible: Roebling's Son Co. v. Am. Amusement, etc., Co., 231 Pa. 261; Benner v. Fire Assn., 229 Pa. 75; Brown v. Products Co., 259 Pa. 267; Am. Life Ins. Co. v. Rosenagle, 77 Pa. 507.

The court committed no error in declining plaintiff's second and third points for charge.

OPINION BY MR. JUSTICE SCHAFFER, April 14, 1924:

Plaintiffs, mother and her minor son, brought suit to recover damages for personal injuries to the latter, caused in a collision between the bicycle he was riding and an automobile driven by defendant. The accident occurred at one o'clock in the morning at the corner of Broad and Federal streets in the City of Philadelphia. The trial judge submitted the case to the jury, who found a verdict in defendant's favor, upon which judgment was entered; plaintiffs appeal.

The circumstances connected with the collision are not required to be outlined in passing upon the questions brought to our notice by appellants further than to state that it was undisputed there was no light on the boy's bicycle and no bell.

The first error which plaintiffs maintain is that there was a prejudicial misquotation of the testimony in the charge to the jury, wherein it was said: "You must take into consideration likewise that the plaintiff is an interested party, as well as the defendant. You have heard his [the minor plaintiff's] testimony in regard to his obtaining employment, that he could not obtain employment by reason of the fact that he had these spells and this pain which he says he suffered, and then on cross-

examination he told you that by reason of the fact that the people had no vacancies for that reason he could not get employment. He likewise tells you that a letter of recommendation he had from a relative of his in New York was absolutely false, so that you may likewise base your conclusion in a case of this character on whether or not the plaintiff is telling the exact truth when he tells you how the accident occurred, when he admits on cross-examination that he has done something falsely to secure employment, which he says himself is not true." Appellants' counsel contends this statement was error, because the boy did not state any facts connected with the accident, merely that he was riding along the street and awoke in the hospital. He did make these statements, but previously he had testified that he saw defendant's automobile as it approached the street corner, and to the distance that he (the boy) was from the corner when he first observed it, and to his own rate of speed; true, he thereafter stated that he was told these facts. The whole of his testimony was for the jury's consideration, including his somewhat incredible tale, when other testimony in the case is considered, that he did not see the automobile at all. On cross-examination, concerning the matter of his employment, which was an issue on the question of damages, he was asked, whether he had not procured a letter to be written, which falsely represented that he had been employed by a concern in New York, whereas he had not been there employed at all. He admitted procuring the letter to be written, that it was false and that his purpose was to use it as a recommendation in obtaining work. His credibility was directly involved before the jury and the court's comment on the episode of the letter was an entirely proper one: Brinton v. Walker & Co., 15 Pa. Superior Ct. 449; Limbert v. Jones, 136 Pa. 31.

The cases cited to us as sustaining appellants' contention that what was said by the judge involved a misquotation of testimony, such as Twinn v. Noble, 270 Pa.

500, in which there was a prejudicial statement in an automobile accident case that the defendant was "inexperienced in hitting men" (Lombard v. Christian, 124 Pa. 114; Winters v. Mowrer, 163 Pa. 239; Edwards v. Gimbel Bros., 187 Pa. 78; Paul v. Kunz, 195 Pa. 207), and others in which there were misstatements of the testimony by the judge in his comments to the jury, are not in point. What the judge was dealing with in the case at bar, was the credibility of the plaintiff, and he had admitted the untruth. The judge misquoted no testimony, he applied what had been given to the question of plaintiff's veracity.

The next error assigned is to the admission of public school records. This evidence was offered by defendant to rebut plaintiff's testimony as to when he left school and the manner in which he progressed in his studies. The records were produced by a professor in the high school, who was acting assistant to the principal and their custodian; they were kept under his supervision. The only objection made at trial was that they were not in the handwriting of the witness. No question as to their general admissibility was raised. A party complaining on appeal of the admission of evidence in the court below will be confined to the specific objection made to it: Roebling's Sons Co. v. American Amusement & Construction Co., 231 Pa. 261; Benner v. Fire Assn. of Phila., 229 Pa. 75; Com. v. Loomis, 270 Pa. 254; Murray v. Frick, 277 Pa. 190; Moschzisker Trial by Jury, section 208. When a specific objection is made, those reasons to sustain it which are not stated, will not be considered on appeal: Brown v. Kittanning Clay Products Co., 259 Pa. 267. It is now argued by appellants' counsel that the records, so far as the witness who produced them is concerned, are hearsay. The hearsay rule does not cover this evidence; they were public or official records required by law to be kept (Act of May 18, 1911, P. L. 309, sections 1425, 1426, 1427, 1428, 1429, 1613) and admissible as such upon identification and

proof of their custody and authenticity by the person producing them: American Life Ins. & Trust Co. v. Rosenagle, 77 Pa. 507; 22 Corpus Juris 791, 801, 803; Greenleaf on Evidence, 16th ed., sections 483, 484; Wigmore on Evidence, 2d ed., vol. 3, section 1630 et seq., particularly section 1639. In Price v. Price, 185 N. Y. Sup. 570, school records showing a pupil's attendance were admitted and in Levels v. St. Louis & H. Ry. Co., 94 S. W. Repr. (Mo.) 275, a register showing the names, ages and dates of entrance of pupils. Appellants' counsel would also apply the book-of-original-entry rule to the records in question. Obviously this rule has no application. In instances such as that with which we are dealing, the introduction in evidence of public records, it is not a question of handwriting, but of custody and that the documents produced are authentic: 22 Corpus Juris 801 et seq.: Stephen's Digest of the Law of Evidence (Penna. ed.), page 385. Instead of narrowing, we are widening the rule as to the admissibility of records: Zoller v. Hartford Fire Ins. Co., 272 Pa. 386. Finally, on this branch of his argument, appellants' counsel urges that the case should be reversed because the book was not formally offered, that the witness simply read from it. No objection was made to spreading the statements on the record by reading from the book. The day for such extreme technicalities has happily passed. The evidence disclosed by the school records was properly received.

The last matter brought to our attention is the refusal of the court to affirm two of plaintiffs' points, the second and third submitted by them: (2) "If you find that plaintiff was, at the time of the accident, on the side of the street where he ought to have been, and it was the duty of the defendant to drive his automobile to the east side of Broad Street, then make his turn to the north, but instead made his turn to the left or west of Broad Street, and collided with plaintiff's bicycle, then your verdict must be for the plaintiff." (3) "If you find that

defendant did give a signal of his approach to Broad Street, but proceeded at a high rate of speed and made a sudden swerve of the car to the wrong side of the street and collided with the plaintiff, then your verdict must be for the plaintiff." These points took no account of the contributory negligence of the boy plaintiff, which was a most material element in the case as he was riding his bicycle along the street in the nighttime without light or bell. The instructions in the form proposed were properly refused as they in effect asked the court to pass on the case as a matter of law, with the question of contributory negligence eliminated.

The assignments of error are all overruled and the judgment affirmed.