## Commonwealth v. Weaver

*Samuel Halpren,* for Commonwealth.

*Stively & Mitman,* for defendant.

RILEY, J., January 15, 1963. — Defendant was charged with speeding in violation of The Vehicle Code of April 29, 1959, P. L. 58, sec. 1002, and waived a hearing before the justice of the peace. Before this court a motion to quash the information was made by defendant preliminary to the hearing upon the ground that the information was filed before the justice of the peace by the State trooper on Sunday, September 30, 1962; such filing is averred to be in violation of the Act of 1705, 1 Sm. L. 25, 44 PS §1. Ruling upon the motion was deferred and continuation of the hearing ordered.

The hearing disclosed a speeding violation detected by radar on September 26, 1962, and, to prove that the apparatus used in this instance was of a type approved by the Secretary of Revenue, as required by section 1002 (d.1) (1), 75 PS §1002, a certificate under the hand and seal of the Secretary of Revenue was offered. This certificate under date of April 2, 1962, reads in its body:

"I hereby certify that the foregoing and annexes is a full, true and correct copy of the approval of Radar for use by the Pennsylvania State Police.

"In testimony whereof I have hereunto set my hand and affixed the seal of this department the day and year aforesaid.

/s/ Charles M. Dougherty
For Secretary of Revenue"

Attached thereto was a copy of a statement over the signature of Charles M. Dougherty as Secretary of Revenue reading in part:

"Section 1002. Restriction as to Speed . . . that I am hereby issuing formal approval for use by the Pennsylvania State Police, Model S2 electromatic speed meter and Model S5 electromatic speed meter, manufactured by the Automatic Signal Device, Eastern Industries, Inc., Norwalk, Connecticut, as approved equipment."

Defendant objected to the entry of this certificate into evidence upon the grounds that it was dated April 2, 1962, some six months prior to the use of the equipment in this case, with no evidence that it was so approved in September, 1962, and that, while section 1002 provides authority to receive the certificates of official inspection stations into evidence as prima facie evidence of their official capacity and of the facts of tests and corrections of speedometers and radar devices, it provides no authority to receive the certificate

of the Secretary of Revenue as to approval of the radar device.

The Act of 1705, 1 Sm. L. 25, sec. 4, 44 PS §1, provides:

"No person or persons, upon the first day of the week, shall serve or execute, or cause to be served or executed, any writ, precept, warrant, order, judgment or decree, except in cases of treason, felony, or breach of the peace; but that the serving of any such writ, precept, warrant, order, judgment or decree, shall be void, to all intents and purposes whatsoever; . . ."

Even though a State trooper has the authority to arrest on view for a violation of the code occurring upon Sunday and must immediately thereafter take the accused before a justice of the peace (The Vehicle Code, sec. 1211, 75 PS §741), the offense here did not occur on Sunday and does not come within the exception established by that act. The offense here occurred four days prior and the trooper had the choice of any day during the ensuing 15 upon which to file his information.

While no appellate authority has been discovered controlling this exact point, we view with favor the conclusions reached by the three lower courts who have adjudicated the question. President Judge Keller of Bucks County, in Commonwealth v. De Pietro, 89 D. & C. 113, and President Judge McCreary of Beaver County in Commonwealth v. Heyman, 1 D. & C. 2d 580, thoroughly discuss the background and interpretations of the Act of 1705 as applied to civil and criminal process, which need not be repeated here, each concluding that the execution and filing of information for violation of The Vehicle Code constitutes a juridical act, as distinguished from purely a ministerial one, and is prohibited unless a statutory exception exists. A later decision of Judge McKay of Mercer County, Commonwealth v. D'Ambrosio, 16 D. & C. 2d 485, is in explicit

accord with the conclusions reached in the DiPietro and Heyman cases.

As Judge McCreary points out in the Heyman case, the common law rule was absolute that Sunday was a day set aside to be free of judicial acts. By the Act of 1705 and other specific acts, as with State Police arrest for violations of The Vehicle Code committed on a Sunday, the legislature has made exceptions to its application. However, in the absence of such statutory exception, we agree that the filing of an information is a juridical act prohibited by the Act of 1705 as well as the common law and any extension of exception to the rule should be a legislative and not a judicial determination.

In light of the above it is not necessary to treat of the evidential questions raised. It will suffice to say, however, that we find no merit in either objection. Written records of acts of public officials, required or authorized by the law, are admissible as recognized exception to the hearsay rule by virtue of necessity: Laginsky v. McCollough, 280 Pa. 286; 5 Wigmore on Evidence §1631 (3rd ed.); and copies certified under the seal of the department are admissible in place of the original records, books, papers, documents and rulings of the Secretary of Revenue where the original records are admissible: The Vehicle Code, sec. 1224, 75 PS §1224. The offered record is a duly certified ruling of the secretary specifically authorized by section 1002 of the code. Defendant's objection as to date falls under the rule that a status once established is presumed to continue: Donze v. Devlin, 329 Pa. 1; Henes v. McGovern, 317 Pa. 302. Certainly there is no justification to require repeated approvals of apparatus for each and every violation and an apparatus once approved so continues until revoked, the burden of producing evidence to negative the presumption of continuance of such status shifting to defendant.

And now, January 15, 1963, the motion to quash the information filed against defendant Russell Weaver is granted. Defendant is discharged with costs charged to the County of Chester.