## Barcellino *v.* Rizzi et ux., Appellants.

Argued April 17, 1963. Before ERVIN, WRIGHT, WOODSIDE, WATKINS, MONTGOMERY, and FLOOD, JJ. (RHODES, P. J., absent).

*Herbert G. Sheinberg,* with him *Sheinberg & Sheinberg,* for appellants.

*James Victor Voss,* with him *Voss & Voss,* for appellee.

OPINION BY WATKINS, J., June 12, 1963:

This is an appeal from the judgment of the County Court of Allegheny County entered on a verdict, after

a trial before Judge BECK without a jury, in favor of the plaintiff-appellee, Frank A. Barcellino, and against the defendants-appellants, Ralph Rizzi and Mary Rizzi, his wife, in the amount of $259; and from the dismissal of the defendants' exceptions by the court en banc.

In February of 1960 Barcellino entered into an oral contract with Rizzi to paint a dwelling. Originally this agreement called for a total consideration of $350. Subsequently there was an oral change in this agreement caused by construction changes so that the oral contract was for the sum of $380. This sum has been paid by Rizzi to Barcellino.

This appeal grows out of a claim by Barcellino that, while he was performing under the original oral contract, Rizzi on numerous occasions requested certain additional painting work to be done that was to be considered as extra work and would be charged to Rizzi, in addition to the original $380 oral contract. Barcellino claims that on each occasion Rizzi agreed to pay for the extras. Upon completion of the painting Barcellino submitted a bill to Rizzi for extras in the amount of $259. Rizzi refused to pay and Barcellino obtained a judgment before a Justice of the Peace. Appeal from this judgment resulted in the trial in the court below.

The record is clear that the evidence submitted by Barcellino and his employees that the additional work was done at the request of Rizzi and that Rizzi had agreed to pay for it was amply sufficient to be considered by the trial court sitting as a jury and the defendants' denial raised purely a question of credibility which was decided against Rizzi. There is no merit in the contention that Barcellino failed to sustain his burden of proof by the fair weight or preponderance of the evidence.

The only other questions raised by this appeal are that it was error to permit the introduction into the

evidence of the testimony of another subcontractor that he had not been paid in full for a contract and extras for the purpose of contradicting the testimony of Rizzi and another witness, that all subcontractors had been paid in full; and that it was error to permit the introduction into the record of certain book entries of the plaintiff.

Rizzi and Michael Pavia the general contractor, testified that all subcontractors had been paid in full. Rizzi further testified that there were no outstanding claims for any work by any of the subcontractors. The only purpose of this testimony was to impress upon the fact finder an inference that if the contractor and Rizzi had paid all outstanding claims he had also paid the outstanding claims of Barcellino. Barcellino called a subcontractor to testify that he had not yet been paid for any of his work, including extras that he claimed. This was clearly in rebuttal of the testimony of Rizzi and Pavia and raised a question of credibility as well as destroying, if believed, the inference intended to be drawn from the principal testimony. It was properly admitted. *Schoen v. Elsasser*, 315 Pa. 65, 172 A. 301 (1934).

To support his claim Barcellino introduced into the record his business books, which it is certain were not kept with certified public accountant accuracy but that did show the number of hours worked and the materials used and the charges made on the extras claimed. He prepared and maintained his own business records and the entries relative to the claim before the court were made, according to his testimony, although the dates did not appear in the books, during the time of the painting of Rizzi's dwelling.

The Act of May 4, 1939, P. L. 42, No. 35, §2, 28 PS §91b provides as follows: "A record of an act, condition or event shall, in so far as relevant, be competent

evidence if the custodian or other qualified witness testifies to its identity and the mode of its preparation, and if it was made in the regular course of business at or near the time of the act, condition or event, and if, in the opinion of the court, the sources of information, method and time of preparation were such as to justify its admission."

It was held in *Henderson v. Zubik,* 390 Pa. 521, 136 A. 2d 124 (1957), at page 524, ". . . From the foregoing Act, it is clear that the legislature intended to grant to the trial court discretionary power as to the admissibility of business records, . . .". Here, the court was the trier of law and fact and in the exercise of discretion felt that the books, no matter how inartistically kept, in themselves and as an aid to refresh the recollection of Barcellino, who had personal knowledge of the transactions, were admissible. Henry, Pennsylvania Trial Evidence, 3rd Ed. §104.

Judgment affirmed.

MONTGOMERY, J., concurs in the result.