## Augustine v. Turkeyfoot Valley Area School District (No. 2)

*William K. Eckel*, for appellant.

*C. Gregory Frantz* and *Eugene E. Fike, II*, contra.

COFFROTH, *P.J.*, July 5, 1977—Pursuant to our opinion and order of June 1, Augustine v. Turkeyfoot (No. 1), 9 D. & C. 3d 147, (1977), hearing was held June 29 (continued from June 28) "for the purpose of affording the school district [adminis-

tration] an opportunity to present an anecdotal record supporting dismissal, and for further order, consistent with this opinion."

At the hearing, the administration offered in evidence Administration Exhibit 10 as the supporting anecdotal record, and the testimony of superintendent Knight to authenticate it. Appellant objected to the offered exhibit as an insufficient anecdotal record, primarily on grounds that the documents which comprise it are neither signed nor properly authenticated. We took the objections under advisement, and now overrule them and admit the offered exhibit into the record as evidence.

Exhibit 10 consists of 11 sheets, numbered 1 through 11. From examination of them and from the testimony, they may be described as follows:

(1) Each sheet contains specific factual statements of observed or reported deficiencies in the teaching performance of appellant;

(2) All but one of the sheets is dated; according to the testimony the dates are either the date of the events noted on the sheet or the date of preparation of the sheet, and the sheets were prepared either on the day of the events or on the next day, and were placed in appellant's file in the office of the high school principal, Mr. John Landi.

(3) The sheets bear the following dates:

1. December 18, 1974
2. June 2, 1975
3. October 8, 1975
4. November 13, 1975
5. December 17, 1975
6. January 16, 1976
7. April 5, 1976
8. April 22, 1976
9. May 18, 1976
10. May 21, 1976
11. Undated (approximately May, 1976, according to testimony)

(4) Sheets 1 through 7 are typed and bear no signature or other identification of the preparer. According to Mr. Knight's testimony, they were prepared by or at the direction of Mr. Landi, who is no longer an employe of the district. Sheet 9 is the same except that it bears the signature of "John" in typed form.

(5) Sheets 8, 10 and 11, are in the handwriting of Mr. Knight; sheets 8 and 11 bear his handwritten initials.

(6) Some of the sheets (Nos. 3 through 7) bear the written endorsement "disc" which, according to the testimony, indicates that the contents were discussed with appellant at the time. All sheets but two (Nos. 9 and 10) show either by such endorsement or by context that the contents of the sheets were discussed with appellant.

(7) All sheets of Exhibit 10 were kept in and brought from appellant's file at the school, and Mr. Knight had the sheets with him at the time of the hearing before the school board, but was not asked to produce them although he referred to their existence in his testimony (see extract from the record at 9 D. & C. 3d, 180, supra).

(8) The contents of Exhibit 10 show a persistent inability of appellant to maintain discipline and orderliness in his classroom impairing teacher effectiveness.

Our task here is to determine whether Exhibit 10 is facially adequate to support the unsatisfactory rating and to trigger "a presumption of unsatisfactory performance, rebuttable by proof of bad faith or arbitrary or capricious or unlawful action on the part of the board." See prior opinion at 9 D. & C. 3d 165 (1977). We think it is adequate. In reaching this

evaluation we consider both the substantive content and form of the offered documents.

As to substantive content, one must read the exhibit; summarization cannot portray the facts in a manner equivalent to the detailed recitals of the exhibit. That inherent impossibility underlies the requirement that the record be anecdotal. We think a fair and impartial reading of Exhibit 10 shows teacher ineffectiveness (incompetency in the language of the Public School Code) which supports the unsatisfactory rating. Pupil management is as essential an element of competent teaching performance as are knowledge of subject matter and skill in imparting it to others. Consequently, persistent failure of a teacher to maintain adequate classroom control warrants the assessment of an unsatisfactory rating and termination of employment: English v. North East Board of Ed., 22 Pa. Commonwealth Ct. 240, 348 A. 2d 494 (1975). Of course, consistent with our prior ruling that this is not a trial of competency but rather of the validity of the rating, and consistent with the presumption of incompetency which arises from a facially valid unsatisfactory rating, we assume the truth of the record's assertions for the purpose of determining admissibility of the record in fulfilling the administration's burden of proof.

As to form, no rule or regulation specifies the form in which an anecdotal record shall be kept. It must of course be anecdotal, that is, factually specific and detailed, and it must have been prepared at or near the time of the events recorded, as this one is. Beyond that the law requires only that a record be relevant and be authenticated as genuine, in order to be received in evidence. We

have already discussed relevance of the exhibit, and it has been properly authenticated for admissibility either as a public record under the common law or as a business record under the Uniform Business Records as Evidence Act of May 4, 1939, P.L. 42, 28 P.S. §91a et seq.

Public or official records which are required by law to be kept are admissible upon identification and proof of their custody and authenticity, without necessarily producing their author: Laginsky v. McCollough, 280 Pa. 286, 290-1, 124 Atl. 431 (1924); see also McNulty v. Throop Borough School District, 299 Pa. 465, 468, 149 Atl. 741 (1930). The circumstantial guarantee of trustworthiness of official records arises from the existence of an official duty to keep them: Fauceglia v. Harry, 409 Pa. 155, 160, 185 A. 2d 598 (1962). Authentication is based essentially upon proof of regularity in preparation and in custody by producing the testimony of a custodian or other knowledgeable witness. See Laginsky v. McCollough, supra, 291. When such public records are properly authenticated, a rebuttable presumption of their accuracy and regularity arises. See Jones Estate, 390 Pa. 599, 136 A. 2d 327 (1957). In this case, the records were required to be kept, and they were kept in the office of the high school principal to which his superior, superintendent Knight who authenticated them as school records, had access. That laid a sufficient foundation for their admissibility as public records. In addition, Mr. Knight had knowledge of the existence and circumstances of preparation of them and had personally prepared some of them, and he testified that either he or the high school principal had personal knowledge of their contents (see Fauceglia v. Harry, supra).

The Uniform Business Records as Evidence Act provides in section 2 thereof as follows, 28 P.S. §91b:

"A record of an act, condition or event shall, in so far as relevant, be competent evidence if the custodian or other qualified witness testifies to its identity and the mode of its preparation, and if it was made in the regular course of business at or near the time of the act, condition or event, and if, in the opinion of the court, the sources of information, method and time of preparation were such as to justify its admission."

Mr. Knight was "the custodian or other qualified witness to its identity and mode of preparation." See Poltorak v. Sandy, 236 Pa. Superior Ct. 355, 345 A. 2d 201 (1975). The records were made in the regular course of the business of the school district at or near the time of the recorded events and observations.[1] It is not necessary that the authenticating witness have personal knowledge of the contents of the record: Com. v. Kelly, 245 Pa. Superior Ct. 351, 369 A. 2d 438, 444 (1976). In our opinion the sources of information, method and time of preparation, of the records, and the circumstances of their custody, sufficiently assure their trustworthiness to make them admissible under the act. Compare Fauceglia v. Harry, supra.

Of course, it would be better practice for school

---

1. Section 1 of the act, 28 P.S. §91a, provides: "The term 'business' shall include every kind of business, profession, occupation, calling, or operation of institutions, whether carried on for profit or not." See Com. v. Graver, 461 Pa. 131, 334 A. 2d 667 (1975), and Com. v. Russell, 459 Pa. 1, 326 A. 2d 303 (1974), both applying the act to police records.

personnel to keep a more complete anecdotal record stating not only in specific and detailed factual form all of the relevant events occurring within the observation and knowledge of the administrative official preparing them, but also bearing his or her signature, and stating the date, time and place of the occurrences and the date of preparation of the report, and, in addition, signed statements of other persons whose knowledge and observations are relied on. Although the Public School Code of March 10, 1949, P.L. 30, sec. 1123, as amended, 24 P.S. §11-1123, is broad enough to authorize departmental rules and regulations on the subject, thus far no such regulation detailing formal requirements for the anecdotal record has been issued. Accordingly, the requisite circumstantial data may be provided by oral authenticating testimony. Compare Barcellino v. Rizzi, 201 Pa. Superior Ct. 337, 340, 191 A. 2d 737 (1963); see also Gabriel v. Trinity School District, 22 Pa. Commonwealth Ct. 620, 626-7, 350 A. 2d 203 (1976), and Diffenderfer v. Grove, 10 D. & C. 2d 44 (1955).

Admission of this new evidence into the record substantially alters the case which faced appellant at the original hearing; accordingly, he must be given an opportunity to present counteracting evidence, if he can, and if he wishes, and he has expressed the desire to do so. Therefore, we will return the case to the board for further hearing to allow appellant to present evidence to show that the facially valid unsatisfactory ratings were made in bad faith or arbitrarily, capriciously or unlawfully, and to allow the administration a rebuttal opportunity if desired. At such hearing, the administration should produce Mr. Knight and also Mr. Landi if available (by subpoena, if necessary). See footnote 8 in prior opinion.

We emphasize that although competency of appellant is involved in the issues of the case, the decision for the board to make following hearing is not whether he was competent, but whether or not he should be dismissed for valid unsatisfactory ratings. If the board is persuaded by the fair weight of the evidence in the whole record that the ratings were arbitrary or capricious or made in bad faith, without reasonable cause or justification, appellant must be reinstated to employment as a regular professional employe with tenure status. If the board is not so persuaded, appellant may be dismissed for unsatisfactory ratings, subject of course to further appeal by him. Evidence of competency or incompetency is relevant and admissible on the issues.

## ORDER

Now, July 5, 1977, the decision of the board of school directors dismissing appellant as a temporary professional employe is vacated and the case is remanded to the board for further proceedings consistent with this opinion.