## Tax Claim Bureau of Montgomery County
### *v.* Wheatcroft.

Argued March 2, 1971, before President Judge BOWMAN, and Judges CRUMLISH, JR., KRAMER, WILKINSON, JR., MANDERINO, MENCER and ROGERS.

*Emanuel A. Bertin,* with him *Jack A. Rounick,* and *Moss, Rounick & Hurowitz,* for appellants.

*Alfred O. Breinig, Jr.,* for appellee.

OPINION BY JUDGE KRAMER, June 3, 1971:

This case is an appeal from an Order of the Court of Common Pleas of Montgomery County dismissing a petition filed by Herbert and Esther Auritt (appellants). The above mentioned petition was for a rule to show cause why a tax sale of appellants' property should not be invalidated. Prior to the date of the contested sale (September 9, 1968), the appellants were the owners (tenants by the entirety) of a homestead property located in Abington Township, Montgomery County. The lower court dismissed appellants' petition and confirmed the upset sale to appellee. Appellants' property was sold to satisfy delinquent taxes in the amount of $1,553.82 for the years 1966 and 1967. The property was "knocked down" to the appellee-purchaser for the sum of $2,326.05, plus $13.00 costs.

The Order of the Common Pleas Court and the accompanying opinion of Judge DITTER, JR., were based upon evidence received by depositions taken on May 16, August 21, and October 20 of 1969.

The record disclosed several prior occasions whereon appellants had been delinquent in their taxes. On

each prior occasion some type of last-minute arrangement prior to sale had been agreed upon.

In the course of the depositions the following very pertinent facts were established:

1.  Notice by certified mail that the 1966 property taxes on the Auritt property were delinquent was received in June of 1967. The receipt was signed by Fannie Goldman, mother of Mrs. Auritt (appellant).

2.  Notice by certified mail that the 1967 property taxes on the Auritt property were delinquent was received on June 14, 1968. The receipt was signed by Mrs. Esther Auritt (wife-appellant).

3.  A copy of the *Application for Registration or Certification* stamped by the Post Office Department was introduced. This sheet listed all letters sent via registered mail on July 9, 1968, by the Tax Claim Bureau of Montgomery County. Among the entries were two pertinent to this case. One showed a letter sent to Mr. Auritt at his business address, and one showed a letter sent to Mr. and Mrs. Auritt at their home address. An employee of the Bureau testified that all of the addressees on the sheet introduced were recipients of upset-sale notices.

4.  The upset-sale notices mentioned in "3" above were sent by registered mail, "return reply requested". As to whether the instruction "deliver to addressee only" was included on the companion receipt card is a matter of contention among the parties. It is known by clear evidence that the letter sent to Mr. Auritt at his business address bore the instruction "deliver to addressee only". This is known because the actual companion card sent with the letter was returned to the Bureau and bore the "deliver to addressee only" instruction. This letter addressed to Mr. Auritt at his business was accepted and signed for by the employee of a neighbor merchant. By prearrangement, from

time to time, Mr. Auritt's mail was accepted for him by other merchants in his absence.

The letter addressed to Mr. and Mrs. Auritt at their home address presents us with the following problem: Neither the original letter nor the companion return receipt card was ever returned to the Bureau by the Post Office. The Post Office did, however, return a card of its own which bore the communication "returned to sender unclaimed July 23, 1968, Montgomery County Tax Claim Bureau, Norristown, Pa."* Based upon the absence of the original return receipt card and the failure of the Post Office card to indicate that the letter had indeed been sent "deliver to addressee only", the appellants claim that a failure to comply with the statute is manifest and therefore the tax sale must be set aside.

5. The required posting had been satisfied as shown by the poster's signature on the affidavit and return of posting. The posting occurred on July 30, 1968.

We have outlined these facts at length so as to facilitate an understanding of the circumstances and chronology of the appealed action of the Tax Bureau and the Common Pleas Court.

In their appeal before our Court, appellants argue three main points: First, it is their contention that the Tax Claim Bureau failed to establish strict compliance with the notice provisions of 72 P.S. 5860-602. It is our holding that the Tax Claim Bureau did in fact properly comply with the procedures as outlined by the statute. Without ruling upon the validity of the

---

* Although the Auritts were not residing in their home during the month of July and the first week in August, they had arranged for the collection of their home-delivered mail. The collecting party delivered this mail, several times weekly, to Mr. Auritt's place of business. Mr. Auritt visited his home on several occasions during this period of time.

notice sent to Mr. Auritt at his place of business* and as accepted by Mr. Calpin, in contravention of the clear instructions "deliver to addressee only", we believe that the notice sent to the Auritts at their residence complies with the statute. The statute in part reads:

"Real Estate Tax Sale Law, the Act of July 7, 1947, P. L. 1368, 72 P.S. 5860-602.

". . . notice of the sale shall also be given by the Bureau, at least ten (10) days before the date of the sale, by United States registered mail, personal addressee only, return receipt requested, postage prepaid, to each owner as defined by this Act and by posting on the property.

"No sale shall be defeated and no title of property sold shall be invalidated because of proof that mail notice as herein required was not received by the owner, provided that such notice was given as provided by this section."

The depositions sufficiently show that the proper notice to both appellants, although unclaimed, was mailed.

The Superior Court in *Chester County Tax Claim Bureau Appeal,* 208 Pa. Super. 384, 387, 388, 222 A. 2d 602, 604 (1966) stated: "The notice provisions of the tax sale statute must be strictly complied with in order to guard against the deprivation of property without due process of law.   Hess v. Westerwick, 366 Pa. 90, 76 A. 2d 745 (1950); Ross Appeal, 366 Pa. 100, 76 A. 2d 749 (1950); Hughes v. Chaplin, 389 Pa. 93, 132 A. 2d 200 (1957); Watson v. Ciaffoni, 385 Pa. 16, 122 A. 2d 56 (1956)."

The court went on to say: "Had the Tax Claim Bureau kept a careful record showing that the letter

---

* This was an additional mailed notice not even required by the statute.

was sent by registered mail, return receipt requested, deliver to addressee only, it would have complied with the mail notice requirement of the statute and the fact that the addressee did not receive the letter would not invalidate the sale. That was not done in this case."

Turning now to the instant case, we believe that there exists sufficient evidence upon which to base valid inferences that strict compliance with the statute occurred. Evidence clearly shows that notice to Mr. Auritt at his business was properly sent (i.e., deliver to addressee only) and therefore it is reasonable to believe that the other letters posted at the same mailing, for the same purpose, were sent with the same instructions. We are of the opinion that the notice sent to the Auritt home constitutes valid notice affording proper protection to their due process rights.

Under the facts of this case a proper letter of notification addressed to both husband and wife, holding title as tenants by the entireties, satisfies legal requirements. Notice to husband and wife *living together* at one address conforms to both the spirit and the letter of the law.

Our research has not yielded up to us any cases wherein this point has been dealt with by our Supreme Court. However, the lower courts of our Commonwealth have addressed themselves to the issues on several occasions. *Mercer Co. Tax Claim Bureau Sale,* 41 D. & C. 2d, 130 (1966); *Cantwell v. Henzier,* 9 D. & C. 2d 21 (1956); *Vogelsang v. Valent & Vogelsang,* 51 Schuylkill Legal Record 165 (1956). A letter of notice addressed to both husband and wife residing together constitutes notice to the parties composing the entireties estate.

Second, appellants argue that Exhibit F, the *Application for Registration or Certification* as prepared by the Tax Claim Bureau, and as stamped by the Post

Office on July 9, 1968, was inadmissible as hearsay evidence, and that such application is not entitled to admissibility under the public records exception to the hearsay rule. It is our opinion that the application as prepared by the Tax Claim Bureau and as stamped as accepted for posting by the Post Office, was prepared pursuant to a public duty and is entitled to admissibility under the public records exception.

Similarly, the testimony given by Betty W. Spellman of the Tax Claim Bureau, Montgomery County, as to the internal office procedures employed in the preparation of upset tax sale notices, is within the permitted exceptions to the hearsay rule. We view all of her testimony on the preparation of the *Application for Certification or Registration* as having been done pursuant to a public duty. It then became a matter of credibility before the Common Pleas Court, and we find no reason to disturb its finding. *Githens, Rexsamer & Co. v. Wildstein,* 428 Pa. 201, 236 A. 2d 792 (1968); *Laginsky v. McCullough,* 280 Pa. 286, 124 A. 431 (1924); 5 Wigmore Evidence §§1630-1633 (3rd Ed.) (1940).

Thirdly, appellants contend that gross inadequacy of price is a sufficient basis, in itself, for setting aside the tax sale. Without passing on that particular point, we note that in conformity with the requirements of the Real Estate Tax Sales Law, *supra,* 72 P.S. 5860-609, the buyer purchases subject to any outstanding mortgage obligations thereon. In the instant case, the purchase is subject to a mortgage in the amount of $15,000.00. This, then, is a total consideration of $17,404.55 for a home purchased seven years ago for the price of $22,500.00. We fail to find the existence of a "gross inadequacy of price" to which appellants point. It was stated by the Auritts that the present market value of the home is $39,500.00, based upon a compar-

able sale in the neighborhood. Suffice it to say that the lower court was within its prerogative to rule that it found no "gross inadequacy of price" as a result of the sole opinion evidence of the appellants. The presumption is that the price received at a public sale is the highest and best available. *Plummer v. Wilson,* 322 Pa. 118, 185 A. 311 (1936). The record fails to disclose that the appellants properly rebutted that presumption.

We note with approval the competent opinion of Judge DITTER, of the Court of Common Pleas, and are in accord with his legal analysis on the points touched upon in this opinion. The Order of the court below is affirmed.

---

DISSENTING OPINION BY JUDGE MANDERINO:

I dissent. Herbert and Esther Auritt are two distinct human beings, *each* of whom is an *owner* of the home sold at the tax sale. The record contains no evidence that Herbert and Esther are fused flesh forms animated by a single life spark. I have never met Herbert Auritt or Esther Auritt. I am reasonably confident, however, from the record before us that I can legitimately rely upon the doctrine of judicial notice to accurately conclude that Herbert is an "each" and Esther is also an "each".

Since there are two "eaches" both of whom are *owners* of the home, the provisions of the Real Estate Tax Law were not followed and the tax sale cannot be valid.

According to the Real Estate Tax Sale Law, (Act of July 7, 1947, P. L. 1368; 72 P.S. 5860-602), when a tax sale of property is contemplated, "notice of the sale shall also be given by the bureau, at least ten (10) days before the date of the sale, by United States registered mail, *personal addressee only,* return receipt

requested, postage prepaid, *to each owner* as defined by this act and by posting on the property." (Emphasis added.)

The provisions of the law clearly require that the notice be sent to "personal addressee only" and "to each owner". In this case, the letter sent, allegedly notifying the owners of the sale, was addressed to "Mr. and Mrs. Auritt". Obviously, the letter here was addressed to two people and compliance with a statute mandating delivery to "personal addressee only" and to "each owner" was impossible. Esther and Herbert Auritt held their property as tenants by the entireties. Since there were two owners of the property in question and the statute required that notice of an impending tax sale be sent *to each*, the Tax Claim Bureau failed to comply with the statute by not sending a separate notice of the sale to each owner.

. While it is true that tenancies by the entireties occupy a unique position in the realm of estate law, present enlightened social and economic attitudes make it unrealistic for the courts to continue to follow Bracton's maxim: "Man and wife are as one person, for they are one in flesh and blood."* It is obvious that man and wife are not one person. They are two distinct beings, who, if they hold property as tenants by the entireties, are two distinct owners of an undivided whole property. As two separate and distinct owners, notice of an impending tax sale of property owned *by each* should be given separately to each. The majority correctly points out that there must be strict compliance with the notice provisions of a tax sale statute.

---

* The exact authority for Bracton's maxim is not necessary because its validity was attested to for many years in the classroom by Dean Walter A. Rafalko of the New York Law School who always brought to the student's attention that Bracton served as a Judge in the Thirteenth Century.

The Legislature, of course, would be free to change the law and provide that husband and wife are to be treated as one person and notice to either would be sufficient. The Legislature, in other areas of the law, has specifically mandated that owners of undivided interests in property shall be treated as one person but they have not said any such thing in the Real Estate Tax Sale Law.

I would reverse the order of the court below and set aside the tax sale of the property owned by Herbert Auritt and Esther Auritt.