Riverside Iron and Steel Corporation *v.* Monongahela, et al.

Argued October 30, 1972, before President Judge BOWMAN and Judges CRUMLISH, JR., KRAMER, WILKINSON, JR., MENCER, ROGERS and BLATT.

*Samuel J. Goldstein*, for appellant.

*Joseph J. Benedict*, for appellee, City of Monongahela.

*William H. Robinson*, for appellee, Ringgold School District.

OPINION BY JUDGE ROGERS, December 28, 1972:

The appellant, Riverside Iron and Steel Corporation, sued in assumpsit to recover taxes and license fees paid by it for the years 1963 through and including the year 1968. The named defendants were the City of Monongahela, Monongahela School District[1] and Ringgold School District.

The amended complaint upon which, together with an answer, the case was tried by the Court of Common

---

[1] There was no Monongahela School District when the taxes and license fees here sought to be recovered were paid. If there had been such, it had been long since merged with the Ringgold district.

Pleas of Washington County without a jury, alleges the payment by the plaintiff during six years preceding suit of a total of $3254.26 in mercantile taxes to the City of Monongahela pursuant to city ordinances and that one-half of these were paid to the defendant school districts.[2] The basis, and the only basis, advanced by the plaintiff in its amended complaint for the refunding of the mercantile taxes was that because the plaintiff was engaged in manufacturing it was exempt from such imposts. The city's and school district's answer simply placed in issue the assertions of the amended complaint and counterclaimed for unpaid 1969 mercantile taxes. The court below entered judgment for the defendants in no amount. We affirm.

The plaintiff is a dealer in scrap metal. It collects scrap, including junk automobiles, removes non-ferrous materials, separates the ferrous metals into various grades, and cuts and presses it into bundles for sale to steel makers. Its operation is indistinguishable from that of the taxpayer in *Morrisville Scrap Processing Company, Inc. Tax Appeal,* 6 Pa. Commonwealth Ct. 121 (1972). The mercantile taxes here sought to be recovered were levied during the earlier years included in this complaint pursuant to a measure popularly referred to as Act 481, Act of June 25, 1947, P. L. 1145, and during later years by its re-

---

[2] The amended complaint also sought recovery for an undisclosed amount of "license taxes" alleged to be unconstitutional as being in an amount bearing no reasonable relationship to the cost of regulation. At the trial, the plaintiff failed to prove the amount of such license taxes paid or to show any enactment requiring their payment. One witness refers obliquely to a two hundred dollar license fee and the city's counsel in colloquy stated that a junkyard license was required under a city ordinance regulating junkyards. This was not produced at trial. The lower court's opinion reasonably ignored the entire subject.

placement, The Local Tax Enabling Act, Act of December 31, 1965, P. L. 1257, 53 P.S. §6901 et seq. These taxing statutes conferred upon certain political subdivisions, including the instant city and school district, broad power to tax persons, transactions, occupations, privileges, subjects and personal property within their limits. However, both the Act of 1947 and of 1965 withheld the power to tax "any privilege, act or transaction related to the business of manufacturing." As noted, the taxpayer contended that it was engaged in manufacturing. The city and school district raised no question as to the propriety of a suit in assumpsit to recover taxes paid without an averment of compliance with statutory procedures for refund.[3] The lower court tried and disposed of the case on the principal issue raised in the pleadings, that is, whether the taxpayer's activities brought it within the manufacturing exemption. It correctly determined that they did not, upon substantially the same reasoning and authorities as did this court some months later in *Morrisville Scrap Processing Co., Inc. Tax Appeal, supra*. As did the taxpayer in *Morrisville,* the appellant here relies chiefly upon *Commonwealth v. Sitkin's Junk Co.*, 412 Pa. 132, 194 A. 2d 199 (1963), which, as we pointed out in *Morrisville,* is distinguishable because it was concerned with a taxing statute in which the word manufacturing was explicitly defined in terms different from the meaning of that word where used without statutory embellishment.

---

[3] Taxes may not be recovered at common law, except where the taxes are void and paid under compulsion. *Royal McBee Corporation Tax Case*, 393 Pa. 477, 143 A. 2d 393 (1958). By statute two years' taxes may be recovered by filing a verified claim and suit thereon if refused. Act of May 21, 1943, P. L. 349, as amended, 72 P.S. §5566b et seq.

The taxpayer contends that he does not come within the city ordinances' definition of a vendor as one who sells personal property previously purchased by him, "such property being in the same state and condition as when purchased by or for such vendor." This would have been a compelling argument if put in issue below. It was not, however, referred to in the amended complaint or at the trial[4] and we may not consider it here. Nor, had we decided that the taxpayer was engaged in manufacturing and thus excluded from local tax of this nature, could we have considered the city's and school district's defense based upon the Act of May 21, 1943, P. L. 349, 72 P.S. §5566b,[5] also meritorious but also not raised below.

Finally, the lower court also properly ignored the city's counterclaim for 1969 taxes. The amount claimed, $289.72, was an arbitrary figure equal to one-half the amount of the mercantile tax paid by the taxpayer for the year 1968 plus penalty and interest. The tax in question is imposed annually upon actual business done and has no provision for advance assessment or requirement of tentative self-assessment.

In summary, we hold that the taxpayer was not entitled to the exclusion provided by The Local Tax Enabling Act for transactions related to manufacturing, and that, this being the only ground asserted in support of its claim for refund, the court properly entered judgment for the defendants.

Affirmed.

---

[4] At trial counsel for the taxpayer volunteered a preliminary statement for the record. This, as the amended complaint, claimed only that the taxpayer was a manufacturer, not a vendor. Closing argument was limited to the same subject matter.

[5] Establishing procedures for claiming refund of taxes paid to which the political subdivision is not legally entitled.

CONCURRING OPINION BY JUDGE BLATT:

Because of our Supreme Court's recent decision in *Commonwealth v. The Deitch Company,* 449 Pa. 88, 295 A. 2d 834 (1972) (filed October 4, 1972), I must concur in the majority's decision. I reaffirm, however, my position on the definition of "manufacturing" which I stated in my dissenting opinion in *Morrisville Scrap Processing Company, Inc. Tax Appeal,* 6 Pa. Commonwealth Ct. 121 (1972).

Judge CRUMLISH joins in this Concurring Opinion.