Mary S. Huhn, Appellant, *v.* Chester County and Domain, Ltd., Appellees.

Argued October 9, 1974, before President Judge Bowman and Judges CRUMLISH, JR., KRAMER, WILKINSON, JR., MENCER, ROGERS and BLATT.

*Larrick B. Stapleton,* for appellant.

*Maurice M. Green,* for appellee.

OPINION BY JUDGE KRAMER, December 4, 1974:

This is an appeal filed by Mary S. Huhn (Huhn) from an order from the Court of Common Pleas of Chester County dated March 4, 1974, in effect confirming the tax sale by the Tax Claim Bureau (Bureau) of Chester County of certain real property of Huhn as a result of the nonpayment of delinquent taxes.

Huhn was the owner of a piece of private residential realty located in Easttown Township, Chester County. Although she was married and living with her husband, the property was in her name alone. The record in this case indicates that for the period 1965 through 1971 Huhn was delinquent in her tax payments each and every year. Apparently, each year she delayed payment on her taxes until she received notice of the delinquency. One June 30, 1971, Huhn signed for and received a certified return receipt letter from the Bureau notifying her of her delinquency in the payment of taxes for the year 1971. Thereafter, on September 9, 1971, her husband made part-payment of the taxes due, and the Bureau stopped sale proceedings because of the part-payment. No other payments were made on the balance due on the delinquent 1971 taxes, and on September 11, 1972, the subject property was sold at a public sale.

In the proceedings below, Huhn, through her counsel, submitted a stipulation, dated October 24, 1973, which stated that if the proper and authorized personnel of the Tax Claim Bureau of Chester County were called to testify, they would testify as follows:

"1. That Petitioner's property was posted for tax sale in 1971 and a certified letter was sent to Petitioner in 1971 at the same address to which a certified letter was sent in 1972. Petitioner's property was not sold in 1971 because a partial payment of past due taxes was made on September 9, 1971.

"2. That on June 12, 1972, the Tax Claim Bureau of Chester County did send by certified mail, deliver to addressee only, a letter to the Petitioner, advising Petitioner of the fact that said premises would be sold by the Tax Claim Bureau at the tax sale to be held in September 11, 1972, which certified mail was returned unclaimed.

"3. That the subject property was properly posted for tax sale by Mr. Dempsey Jackson, on July 17, 1972.

"4. That legal notice of the proposed tax sale was published by the Tax Claim Bureau on August 19, 1972, August 25, 1972 and September 2, 1972 in three newspapers of general circulation within Chester County, to wit: The Daily Republican, Phoenixville, Pennsylvania, The Coatesville Record, Coatesville, Pennsylvania, and The Daily Local News, West Chester, Pennsylvania."

The court below also had before it depositions that were taken of Huhn and her husband on August 6, 1973, and nothing in the depositions contradicts anything in the stipulation.

Despite the above-quoted stipulation, Huhn now argues before this Court that the tax sale should be vacated because Huhn did not receive notice, the property was not properly posted, and the advertising was not adequate. In addition, Huhn raises certain constitutional questions which were not raised before the court below. With regard to these latter issues, we need only state that issues which are not raised in the court below will not be entertained by appellate courts in this Commonwealth on appeal. *See Alco Parking Corporation v. Pittsburgh*, 453 Pa. 245, 307 A. 2d 851 (1973) ; *Riverside Iron and Steel Corporation v. Monongahela*, 7 Pa. Commonwealth Ct. 269, 298 A. 2d 918 (1972).

The statute which controls the sale of realty for the nonpayment of taxes is the Real Estate Tax Sale Law (Act), Act of July 7, 1947, P. L. 1368, *as amended*, 72 P.S. §5860.101 et seq. Section 602 of the Act, 72 P.S. §5860.602 (Supp. 1974-1975), sets forth the advertising, posting and mailing notice requirements for tax sales. We have no reservation from our reading of this record that the Bureau carried out all of the requirements of Section 602. We fully recognize that the notice provisions of the Act must be strictly complied with in order to guard against the deprivation of property without due process of law. We so held in *Price-Jeffries Co., Inc. v. Tillman*, 11 Pa. Commonwealth Ct. 153, 312 A.

2d 494 (1973); *Wheatcroft v. Schmid,* 8 Pa. Commonwealth Ct. 1, 301 A. 2d 377 (1973); and *Tax Claim Bureau of Montgomery County v. Wheatcroft,* 2 Pa. Commonwealth Ct. 408, 278 A. 2d 172 (1971). We likewise recognize the principle that the provisions of the Act were not meant to punish taxpayers who omit, through oversight or error, to pay their taxes, but to protect local government against willful, persistent, long-standing delinquencies. *See Ross Appeal,* 366 Pa. 100, 76 A. 2d 749 (1950); *Price-Jeffries Co., Inc., supra.* We also note that Section 602 of the Act, 72 P.S. §5860.602 (Supp. 1974-1975) provides in part that: "No sale shall be defeated and no title to property sold shall be invalidated because of proof that mail notice as herein required was not received by the owner, provided such notice was given as prescribed by this section."

A reading of the various pleadings and the depositions filed in this case permits us to conclude that Huhn's argument concerning inadequate notice is based upon either her lack of knowledge of the notices, or her failure to remember receiving same, rather than upon failure by the Bureau to strictly comply with the Act. That being so, Huhn's argument has no merit. Mrs. Huhn testified that she remembered receiving yellow slips from the post office, but she did not remember what she did with them. This is not the kind of evidence and testimony needed to meet her burden of proving the failure of the Bureau to comply strictly with the statute. *See Wheatcroft v. Schmid, supra.* The above quoted stipulation, which was in no way rebutted by Huhn, is sufficient to defeat her purpose in this case.

This is not a case where a taxpayer has fallen asleep on her duty to pay her taxes. This is a case of sheer neglect to carry out the duty of every property owner. Huhn received notice of delinquency and made a partial payment of the delinquent taxes. Certainly she was

aware of the balance due even if she did not, as she claims, actually receive notice from the Bureau. This case does not even involve any contest concerning the amount of the balance due. The record clearly indicates that the Bureau complied with the notice provisions of the Act before proceeding with the tax sale. Huhn's own testimony in this case indicates that if she failed to receive actual notice, it was probably due to her own negligence.

In summary we can find nothing in this record which would support a reversal of the court below, and we therefore affirm the order of the lower court confirming the tax sale.