## Tax Claim Bureau of Lycoming County

*Tony Miele,* for exceptants.
*Lester L. Greeny, Sr.,* for Tax Claim Bureau.

RAUP, *J.*, March 8, 1976—On January 2, 1976, exceptions were filed to a decree nisi which confirmed a tax sale. The exceptants contend that the notice provisions of section 602 of the Act of July 7, 1947, P.L. 1368, art. VI, as amended, 72 P.S. §5860.602, were not complied with.

The exceptants, Jerry E. Rossman and Carol S. Rossman, his wife, became the owners of the property in question by a deed dated September 11, 1963. Due to delinquent taxes, a tax claim bureau sale was held September 8, 1975, and was confirmed nisi on November 7th.

Notice of the tax sale was sent to the exceptants in the following manner: On July 8, 1975, and August 1, 1975, notices were sent by certified mail to Jerry Rossman at his last known address and were returned unclaimed. No notice was ever sent to Carol Rossman, who, at the time of the sale, was divorced from Jerry Rossman.

Notice by publication was given in the following manner: On August 17th and 24th notice was published in the "Grit," on August 22nd and 29th in the Williamsport Sun-Gazette, on August 27th and September 6th in the Citizen Press, and on August 29th in the legal journal. These notices were given in newspapers of general circulation twice during the first week, three times during the second week and once in the third week.

72 P.S. §5860.602 provides that advertisements must be made for three consecutive weeks in two newspapers of general circulation in the county and once in a legal journal. "In addition to such publication, similar notice of the sale shall also be given by the bureau at least ten (10) days before the date of the sale, by United States registered mail, personal addressee only, return receipt requested,

postage prepaid, to each owner as defined by this act and by posting on the property."

The exceptants allege the provision was not complied with inasmuch as notice was sent only to the husband.*

Notice of a sale which is sent to only one of the tenants by the entireties is not in compliance with the requirement that notices must be sent to each owner. See Price-Jeffries Co., Inc. v. Tillman, 11 Pa. Commonwealth Ct. 153, 312 A. 2d 494 (1973). While that case was decided under 72 P.S. §5971(g), that section contains substantially similar language, whereas a single letter of notice which is addressed to both husband and wife satisfies the notice requirement: Tax Claim Bureau of Montgomery County v. Wheatcroft, 2 Pa. Commonwealth Ct. 408, 278 A. 2d 172, 175 (1971): "A letter of notice addressed to both husband and wife residing together constitutes notice to the parties composing the entireties estate."

The county next argues that even if proper notice was not sent, once the divorce occurred the tenancy by the entireties property was converted by operation of law to a tenancy in common, and, therefore, any defect in notice applied only to the wife's and not the husband's share, and, therefore, the tax

---

*Had the notice been sent to both parties at the same address, a different issue would be presented, as there is no requirement that the tax bureau search out and find those persons liable for real estate taxes. It is incumbent upon a taxpayer to notify the taxing authorities in the event of a change of address: Grace Building Co., Inc. v. Clouser, 5 Pa. Commonwealth Ct. 110, 289 A. 2d 525 (1972). A taxpayer must notify the bureau of any change of address resulting from a change in marital relationship.

claim purchasers did purchase the one-half interest in the property. While the argument of the county is not without merit, it is premised on the assumption that there was no other irregularity in the tax sale, and, in this case, advertising provisions of the statute were not complied with.

In addition to the requirement of personal notice, 72 P.S. §5860.602 requires that notice of the scheduled sale shall be given by advertisement "once a week for three consecutive weeks in two newspapers of general circulation in the county, if so many are published therein, and once in the legal journal, if any, designated by the court for the publication of legal notices." Advertised notices were given in this case a total of six times in newspapers of general circulation in the county, but the statute was clearly not complied with. During the third week, there was only one advertisement, and, in addition, no advertisement appeared in any newspaper a total of three times. In order to guard against a deprivation of property without due process of law, the notice provisions of the Real Estate Tax Sale Law must be strictly complied with: Huhn v. Chester County, 16 Pa. Commonwealth Ct. 18, 328 A. 2d 906 (1974).

## DECREE ABSOLUTE

And now, March 8, 1976, the exceptions of Jerry E. Rossman and Carol S. Rossman to the decree nisi of November 7, 1975, as to Lycoming County Tax Claim Bureau Parcel, No. 11-311-212F, are granted. The upset sale as to that parcel is hereby set aside. The county is directed to return the upset sale price to the upset sale purchasers.