Charles Teslovich and Dolores Teslovich, his wife v. Lizzie Johnson, a/k/a Elizabeth Johnson, James W. Johnson, Amos A. Shroyer, Ida R. Shroyer, Garfield Shroyer and Rosetta Alverda Shroyer, and their heirs and assigns, generally. Rosetta Alverda Shroyer, Appellant.

Charles Teslovich and Dolores Teslovich, his wife v. Amos A. Shroyer, Ida R. Shroyer, Garfield Shroyer and Rosetta Alverda Shroyer, and their heirs and assigns, generally. Rosetta Alverda Shroyer, Appellant.

450

Argued May 1, 1978, before Judges CRUMLISH, JR., WILKINSON, JR. and BLATT, sitting as a panel of three.

*Vincent J. Roskovensky, II,* with him *William B. Parshall,* for appellant.

*William M. Radcliffe,* with him *Ralph K. Barclay, Jr.,* and *Coldren & Coldren,* for appellees.

OPINION BY JUDGE BLATT, September 1, 1978:

The Appellant, Rosetta Shroyer, appeals here from an order of the Court of Common Pleas of Fayette County which upheld a tax sale of property owned by herself and her husband to the Appellees, Charles and Delores Teslovich. She attacks the validity of the sale because of an alleged insufficiency of notice under the Real Estate Tax Sale Law[1] (Act).

---

[1] Act of July 7, 1947, P.L. 1368, *as amended,* 72 P.S. §5860.602.

The record indicates that the Appellant and her husband, Garfield Shroyer, had acquired ownership to the property as tenants by the entireties. Later, apparently because of marital difficulties, they separated. Almost two years thereafter, she went to the Fayette County Tax Claim Bureau (Bureau) to make payment on the delinquent taxes owed on the property and she then advised the Bureau of *her* change of address from Mill Run, Pa. to Melcroft, Pa. Although she alleged that she also informed the Bureau at that time of her marital separation, the Director of the Bureau denied receiving any such notice at any time. About a year later, in March of 1971, she mailed an additional payment for delinquent taxes to the Bureau and subsequently received a partial refund for overpayment. The Bureau, however, evidently applied the payment to another property which she owned and not to the delinquent taxes owed on the property concerned here. At any rate, during that same year, the tax delinquency remained and a notice of a tax sale of this property was sent to "Garfield and Rosetta Shroyer, Melcroft, Pennsylvania, Return Receipt Requested, Deliver to Personal Addressee Only." For some unknown reason, this letter was forwarded by the Melcroft, Pa. post office to Garfield Shroyer at Mill Run, Pa. and the return receipt was signed by him from that address. The Appellant, however, did not personally receive notice of the sale. The lower court held that the notice requirements of the Act were met by the mailing of a single letter addressed to the husband and wife owners at the new address given by the Appellant to the Bureau. The Appellant argues here that separate notices to the husband and to the wife must be sent when there is a tax sale of property held by a husband and wife as tenants by the entireties whenever it is known to the Bureau that the husband and wife are living apart, as was the case here.

The applicable notice requirement regarding tax sales is found in Section 602 of the Act which provides as follows:

In addition to such publications, similar notice of the sale shall also be given by the bureau, at least ten (10) days before the date of the sale, by United States certified mail, *personal addressee only*, return receipt requested, postage prepaid, *to each owner* as defined by this act. . . .

. . . .

No sale shall be defeated and no title to property sold shall be invalidated because of proof that mail notice as herein required was not received by the owner, provided such notice was given as prescribed by this section. (Emphasis added.)

72 P.S. §5860.602.

The Act defines the owner as the "person in whose name the property is last registered," 72 P.S. §5860. 102, and it does not, therefore, address the notice requirements as to tenants by the entireties. The Act clearly indicates, however, that if the mailing of a single notice complied with the statute, the notice requirements were met regardless of whether or not the wife, the Appellant here, received that notice. Indeed the risk of mail miscarriage is assumed by the delinquent taxpayer. *Hess v. Westerwick*, 366 Pa. 90, 76 A.2d 745 (1950). The narrow issue here therefore is whether or not the law in this case required the mailing of separate notices of the tax sale.

This Court has previously held that tax notices of tax delinquency and tax sale must contain the *names of each tenant* by the entireties. *Price-Jeffries Co., Inc. v. Tillman*, 11 Pa. Commonwealth Ct. 153, 312 A. 2d 494 (1973); *C. Everett, Inc. v. Ayres*, 22 Pa. Commonwealth Ct. 422, 349 A.2d 514 (1975). We have

also held that a single notice addressed to both spouses but received by only one spouse is adequate notice under this statute. *Curtis Building Co., Inc. v. Tunstall*, 21 Pa. Commonwealth Ct. 81, 343 A.2d 389 (1975); *Tax Claim Bureau of Montgomery County v. Wheatcroft*, 2 Pa. Commonwealth Ct. 408, 278 A.2d 172 (1971). The Appellant here relies, however, on the limiting language in the *Wheatcroft* case, wherein Judge KRAMER speaking for the majority[2] of this Court said:

> Notice to husband and wife *living together* at one address conforms to both the spirit and the letter of the law. (Emphasis in original.)

---

[2] The Appellant relies also on the dissenting opinion by Judge MANDERINO, now Justice MANDERINO, who wrote as follows:

I dissent. Herbert and Esther Auritt are two distinct human beings, *each* of whom is an *owner* of the home sold at the tax sale. The record contains no evidence that Herbert and Esther are fused flesh forms animated by a single life spark. I have never met Herbert Auritt or Esther Auritt. I am reasonably confident, however, from the record before us that I can legitimately rely upon the doctrine of judicial notice to accurately conclude that Herbert is an 'each' and Esther is also an 'each.'

Since there are two 'eaches' both of whom are *owners* of the home, the provisions of the Real Estate Tax Law were not followed and the tax sale cannot be valid.

. . . .

The provisions of the law clearly require that the notice be sent to 'personal addressee only' and 'to each owner'. In this case, the letter sent, allegedly notifying the owners of the sale, was addressed to 'Mr. and Mrs. Auritt'. Obviously, the letter here was addressed to two people and compliance with a statute mandating delivery to 'personal addressee only' and to 'each owner' was impossible. Esther and Herbert Auritt held their property as tenants by the entireties. Since there were two owners of the property in question and the statute required that notice of an impending tax sale be sent *to each*, the Tax Claim Bureau failed to comply with the statute by not sending a separate notice of the sale to each owner.

*Tax Claim Bureau of Montgomery County v. Wheatcroft, supra,* 2 Pa. Commonwealth Ct. at 413, 278 A.2d at 175.

Here the parties were not living together and the lower court found that the Bureau was in fact notified by the Appellant as to her change of address. It is well established that the notice provisions of the statute must be strictly complied with in order to guard against the deprivation of property without due process of law. *Hess v. Westerwick, supra; Tax Claim Bureau of Montgomery County v. Wheatcroft, supra.* We believe, therefore, that the Bureau should have sent separate notices in this case to each of the tenants by the entireties, *i.e.*, to the Appellant, "Rosetta Shroyer, Personal Addressee Only" at her last known address and likewise to her husband at his last

---

While it is true that tenancies by the entireties occupy a unique position in the realm of estate law, present enlightened social and economic attitudes make it unrealistic for the courts to continue to follow Bracton's maxim: 'Man and wife are as one person, for they are one in flesh and blood.' It is obvious that man and wife are not one person. They are two distinct beings, who, if they hold property as tenants by the entireties, are two distinct owners of an undivided whole property. As two separate and distinct owners, notice of an impending tax sale of property owned *by each* should be given separately to each. The majority correctly points out that there must be strict compliance with the notice provisions of a tax sale statute.

The Legislature, of course, would be free to change the law and provide that husband and wife are to be treated as one person and notice to either would be sufficient. The Legislature, in other areas of the law, has specifically mandated that owners of undivided interests in property shall be treated as one person but they have not said any such thing in the Real Estate Tax Sale Law. (Footnote omitted.)

*Tax Claim Bureau of Montgomery County v. Wheatcroft, supra,* 2 Pa. Commonwealth Ct. at 415-417, 278 A.2d at 176-77.

known address. A single letter addressed to both at the address of either could not be deemed to be adequate notice to each of the two owners who were known to be living apart at different addresses.

This Act was "not meant to punish taxpayers who omit, through oversight or error, to pay their taxes, but to protect local government against wilful, persistent, longstanding delinquencies." *Huhn v. Chester County*, 16 Pa. Commonwealth Ct. 18, 22, 328 A.2d 906, 908 (1974). The record here indicates that the Appellant attempted to pay the delinquent taxes owed and actually received a refund because of an assumed overpayment in the same year in which the Bureau sent out the notice of the tax sale.

We conclude that notice requirements of the Act were not met in this case. The order of the lower court, therefore, is reversed.

#### Order

And Now, this 1st day of September, 1978, the order of the Court of Common Pleas of Fayette County in the above-captioned matter is hereby reversed and the tax sale of the property at issue is hereby set aside.