407 A.2d 890

**Robert F. HANSEL, Jr., Administrator d/b/n/c/t/a of the Estate of Robert F. Hansel, Sr., Deceased, Appellant,**

v.

**Girard HANSEL and Leon Hansel, as Co-Executors under Will of Stephan R. Hansel, Deceased, and Helen E. Hansel, Individually.**

Superior Court of Pennsylvania.

Argued April 11, 1979.

Decided July 25, 1979.

Petition for Allowance of Appeal Granted Dec. 26, 1979.

182

Joseph Colavecchi, Clearfield, for appellant.

James A. Naddeo, Clearfield, for appellees.

Before CERCONE, President Judge, and WIEAND and HOFFMAN, JJ.

WIEAND, Judge:

In this equity action the trial court concluded that an alleged cause of action was barred by laches and sustained preliminary objections in the nature of a demurrer to the complaint. Appellant contends that this was error. We agree and reverse.

 Laches means undue delay. Under Pa.R.C.P.No. 1030, laches is an affirmative defense which must be set forth in a responsive pleading under the heading of "New Matter." *Sanctis v. Lagerbusch*, 213 Pa.Super. 483, 249 A.2d 919 (1968). It cannot be raised by demurrer. Goodrich-Amram 2d, § 1030:1.3; *Strollo v. Domenick*, 3 D. & C.2d 715 (1955). See also: *Suraci v. Ball*, 160 Pa.Super. 349, 354, 51 A.2d 404, 407 (1947).

The trial court's determination that appellant's alleged cause of action was barred by laches, therefore, was premature and must be reversed.

Reversed and remanded for further proceedings.