## In Re: Property of Anvil, Inc.

*Richard D. Abbott,* for petitioner.
*Maurice Green,* for respondent.

WOOD, *J.,* April 21, 1981—Anvil, Inc., has appealed from our order of January 15, 1981, which

dismissed Anvil's petition to set aside a tax sale of its property located in East Marlborough Township. The sale was held on September 11, 1978, and the parties have stipulated that Anvil received its notice of the tax sale on July 1, 1978, thereby satisfying the time requirements of 72 P.S. §6860.602.

It is Anvil's position that we erred in failing to set aside the tax sale for two reasons:

(1) The Tax Claim Bureau of Chester County is said to have failed to publish the notice of tax sale properly, since the published upset price was only approximately ten percent of the actual upset price.

(2) The Tax Claim Bureau supposedly failed to conduct the real estate tax sale properly, because it failed to read aloud the statement from the Corporation Bureau, as required by 72 P.S. §1402.

Initially, we note that appellant has not cited, nor are we aware of, any cases in which a tax sale has been set aside for the reasons advanced by Anvil in this case. Anvil points to Chester County Tax Claim Bureau Appeal, 208 Pa. Super. 384, 222 A.2d 602 (1966) for the principle that the notice provisions of the tax sale statute must be strictly construed to guard against deprivation of property without due process of law: See also Clawson Appeal, 39 Pa. Commw. 492, 395 A.2d 703 (1979); and Teslovich v. Johnson, 37 Pa. Commw. 449, 391 A.2d 11 (1978), aff'd, 486 Pa. 622, 406 A.2d 1374 (1979). We agree. However, our review of the record reveals that the two errors alleged by Anvil did not render the notice so inadequate as to deprive Anvil of its property without due process of law. The "fundamental inquiry" is the reasonableness of the Bureau's notice: In Re: Upset Sale Tax Claim Bureau of Bucks County, 48 Pa. Commw. 435, 410 A.2d 376, 378 (1980).

In the present case, the published upset price was $226.27 instead of the actual upset price of $2,249.89, which represented the total of all taxes, delinquent and currently due on the sale date.*

The notice published here also contained the following advice:

"TO THE APPROXIMATE PRICE GIVEN BELOW shall be added at the time of actual sale the amount of all accrued taxes, whether or not returned, the amount of municipal claims against the recorded costs and proportionate cost of sale and research.

THE PURCHASER may also be required to pay additional transfer tax if demanded by the Commonwealth of Pennsylvania and any additional charges due to errors found after the Tax Sale."

Moreover, the ledger card which was open and available to any bidder showed the total of all taxes due at the time of the sale. We also note that the notice of tax sale received by appellant indicates that the upset price was $2,249.89. Even were we to find a technical noncompliance with the statute, we fail to see how Anvil was harmed by what happened.

---

*72 P.S. §5860.605 fixes the upset sale price as the sum of:

"(a) the tax liens of the Commonwealth, (b) the amount of the claim absolute and interest thereon on which the sale is being held, (c) the amount of any other tax claim or tax judgment due on such property and interest on the judgment to the date of sale, (d) the amount of all accrued taxes including taxes levied for the current year, whether or not returned, a record of which shall be furnished to the bureau by tax collectors, receivers of taxes and taxing districts, (e) the amount of the municipal claims against the property, and (f) the record costs and costs of sale, including pro rata costs of the publication of notice and costs of mail and posted notices in connection with the return of the claim and mail and posted notices of sale."

Finally, the failure to read the certified statement of the Department of Revenue, publicly and prior to sale, is not reason enough to set aside the sale. The Tax Claim Bureau sent a notice to the Department of Revenue, as required, listing the properties to be exposed to sale. The Corporation Bureau responded with a list of those who owed corporate taxes, and this appellant was not on the list. We do not believe that 72 P.S. §1402 required a reading of the list of other corporations which did owe taxes prior to the exposure of this property for sale. Even if there had been such a technical requirement, again we fail to see how omission of the public reading hurt Anvil.

As painful as this loss may be to Anvil, we do not believe we have the authority to set aside the sale out of sympathy, or on a whim.

Accordingly, this April 21, 1981, we affirm our earlier order.