## Minahan v. Burgess

*John A. Barkman, Sandra W. Upor,* for plaintiffs.
*John J. Barbera,* for defendant.
*Frank A. Orban, Jr.,* for additional defendant.

SHAULIS, *J.,* September 20, 1982—The case is before us on preliminary ojections filed by all parties involved.

## FACTS

Plaintiffs Robert F. Minahan and Mary E. Minahan, husband and wife, originally filed an action of ejectment in April, 1982, against defendant Elwood Burgess, hereinafter Burgess, as to real property situated in Jenner Township, Somerset

County. Said property was conveyed to plaintiffs and recorded by deed in 1959. In 1964, the Somerset Tax Claim Bureau attempted to sell the property at a public tax sale for unpaid taxes for the years 1962 and 1963, but no one purchased it. Thereafter, the bureau attempted to convey the property to Burgess by a private tax sale in 1965. Plaintiffs now claim that the tax sale was defective and void due to the fact that they had never received prior notice of such sale.

Burgess responded by way of preliminary objections alleging that plaintiffs failed to join a necessary defendant, plaintiffs were barred by laches and estoppel from bringing the ejectment action, and that plaintiffs' complaint failed to state a cause of action against the title of Burgess in the property in question.

Plaintiffs thereafter amended their complaint and joined defendant Donald L. Fetterolf, hereinafter Fetterolf, to the proceedings. Prior to the commencement of this action, Burgess and Fetterolf had entered into an agreement whereby Burgess was to sell the property in question to Fetterolf. As equitable title holder, Fetterolf made substantial improvements on said property.

Subsequently, plaintiffs filed preliminary objections to the preliminary objections of Burgess. In addition, Fetterolf filed preliminary objections to plaintiffs' complaint alleging misjoinder of party. Furthermore, Burgess filed preliminary objections to the plaintiffs' preliminary objections. At the preliminary objections argument, plaintiffs agreed and were given leave of court to correctly amend their complaint and bring Fetterolf into the proceedings properly. Therefore, this issue will not be discussed herein.

## DISCUSSION

"Under Pennsylvania law, the purpose of the equitable doctrine of laches is for repose of title, claims and demands for peace and order in society." GAF Corp. v. Amchem Products, Inc., 399 F. Supp. 647 (E. D., Pa. 1975).

Pa. Civil Rule 1509(b) allows the defense of laches to be raised by a preliminary objection. Tilghman v. Com., 27 Pa. Commw. 484, 366 A.2d 966 (1976), affirmed 473 Pa. 319, 374 A.2d 535 (1977). (It must be pointed out that Pa. Civil Rules 1501 through 1550 deal with actions in equity). A recent Commonwealth Court decision has indicated that the effect of laches is to bar relief in equity when the plaintiff is guilty of failing to institute his action for an unusually long period of time thereby resulting in prejudice or injury to the defendant. Ayre v. Mountaintop Area Joint Sanitary Authority, 58 Pa. Commw. 510, 427 A.2d 1294 (1981). See also Leedom v. Thomas, 473 Pa. 193, 373 A.2d 1329 (1977); Hankin v. Mintz, 276 Pa. Super. 538, 419 A.2d 588 (1980).

Application of laches is not dependent upon a certain definite time but rather upon whether the defendant has been prejudiced or injured by the delay. In re: Marushak's Estate, 488 Pa. 607, 413 A.2d 649 (1980). Furthermore, laches is an equitable defense which cannot be maintained in a court of law. Stroudsburg Area School District v. Vito Construction Company, Inc., 17 D.&C. 3d 138 (1981).

While the defense of laches may be raised by preliminary objection if it clearly appears from the complaint, the court should abstain from dismissing the complaint unless the existence thereof is clear and free of doubt. See In re: Marushak's Estate, supra; Gabster v. Mesaros, 422 Pa. 116, 220 A.2d 639

(1966); Silver v. Korr, 392 Pa. 26, 139 A.2d 522 (1958); Bicentennial Commission v. Olde Bradford Co., Inc., 26 Pa. Commw. 636, 365 A.2d 172 (1976). This is in view of the fact that the question of laches is factual which should be determined by a thorough investigation of all relevant events. See Leedom v. Thomas, supra; Gabster v. Mesaros, supra; Marino v. Hare, 6 Bucks. 199 (1957).

A local decision has confirmed this analysis. In Peoples Bank and Trust Company v. Ankney, et al., 40 Somerset L. J. 93 (1980); the court recognized that laches could be raised at the preliminary objection stage if its "viability" clearly appeared on the face of the complaint. The court went on to say that laches was not only due to the passage of time, but that it also dealt with whether any party had been materially prejudiced by the delay. This is not always apparent from the complaint itself. In such a situation, laches should be raised as new matter under Pa.R.C.P. 1030. Hansel v. Hansel, 268 Pa. Super. 181, 407 A.2d 890 (1979), reversed on other grounds, 487 Pa. 196, 409 A.2d 32, clarified 415 A.2d 86.

In addition, the court in Girard Trust Corn Exchange Bank v. Record Pub. Co. of Erie, 37 Erie 1 (1954), stated that, "Although Pa.R.C.P. 1509(b) provides that laches may be raised by preliminary objections, since it presents a question of fact and is but one of many defenses, it cannot alone constitute a bar to this action and should be pleaded by way of defense."

A case in which the facts are quite similar to the case at bar was Keystone Bank v. Myron Shoaf, 53 West. 73 (1971). That case involved a complaint in equity whereby plaintiff was seeking to declare the tax title of defendant to be invalid. Defendant had obtained title to the property from a tax sale held for

unpaid taxes. Plaintiff alleged therein that proper notice of the sale was not given to him as required by law. Defendant responded by way of preliminary objections setting forth, among other things, the defense of laches. The court held that equity R1509(b) allowed the defendant to properly raise the defense of laches by means of preliminary objections. The court went on to indicate that it would withhold any decision on the defense of laches until all of the facts had been reviewed. The court then cited Butler Fair and Agriculture Association, 391 Pa. 181 137 A.2d 245 (1958) for the following proposition:

". . . usually the question of laches can be determined only after the court has had an opportunity to appraise the evidence and so determine whether a valid reason exists for the delay in bringing the suit. Shireson v. Shafer 354 Pa. 458, 463, 47 A.2d 665 (1949)."

To this point, we have limited our discussion to actions in equity. There is a distinction between pleading laches in an action in equity and in an action at law. As previously indicated, laches may be raised at the preliminary objection stage by Civil Rule 1509 in an equity action. On the other hand, there is authority that indicates such is not the case when an action at law is involved.

Rose Tree Media School District v. Dept. of Public Instruction, 431 Pa. 233, 244 A.2d 754 (1968), involved an action in mandamus. (Mandamus is a legal, not equitable remedy. Onion v. Supreme Temple Pythian Sisters, 227 Mo. App. 557, 54 S. W. 2d 468.)[1] The court stated that the defense of laches could not be brought by way of preliminary objec-

---

1. Compare Auditors v. County Commisisoners, 28 Somerset L. J. 158, 160 (1972).

tions, but rather, it must be raised as new matter under Pa.R.C.P. 1030. See also Wangel v. Fritz, 58 Lanc. Law Review 61 (1961).

This case involves one in ejectment. The question now narrows down to whether ejectment is an action in equity or an action at law. If it is determined to be an action at law, our next step is to determine whether laches is nevertheless permitted as a preliminary objection.

Equity will ordinarily decline relief where a suit is simply to recover possession of real property whose title is in dispute due to the fact that the legal action of ejectment would appear to be a complete and adequate remedy of law. Summary of Pa. Jur., Equity §17. In fact, it has been held that in such situations, a court of equity does not have jurisdiction to determine the question. Williams v. Bridy, 391 Pa. 1, 136 A.2d 832 (1957). The proper procedure to undertake when the issue involves title to land is an action of ejectment at law. See Soffer v. Beech, 487 Pa. 255, 409 A.2d 337 (1979); M.F. Land Co. et al. v. Ace Drilling Coal Co., et al., 33 Somerset L. J. 73 (1975), citing Irwin v. Hoffman, 319 Pa. 8, 179 Atl. 41 (1935); McDannell v. Mauger, 32 Somerset L. J. 225 (1975); Carelli v. Lyter, 430 Pa. 543, 244 A.2d 6 (1968).

It is quite evident that an action of ejectment is an action at law and not in equity. Therefore, Pa.R.C.P. 1509 does not apply.[2]

Laches has been permitted to be raised as a preliminary objection in an ejectment action in a limited circumstance. If defendant would be entitled to specific performance were he plaintiff, then laches may be a defense to ejectment. Harbor Marine

---

2. Compare Peoples Bank and Trust Co. v. Ankney, supra, 98 note [2].

Company v. Nolan, 244 Pa. Super. 102, 366 A.2d 936 (1976); Kait v. Rose, 351 Pa. 560, 41 A.2d 750 (1945); Martinek v. Kira, 344 Pa. 676, 25 A.2d 721 (1942).

Hankin v. Minty, 276 Pa. Super. 538, 419 A.2d 588 (1980), involved an action in ejectment to recover a portion of plaintiff's premises that were occupied by defendant. Defendant claimed that plaintiff failed to institute the suit for three years although cognizant of the substantial improvements being made by the defendant. The court indicated that it could not rule on this issue due to the fact that they were unaware of the respective status of the parties. In other words, the court did not have an opportunity to review all of the facts.

In spite of the fact that no cases have been found that are directly on point with the issue faced here, this case can be reconciled with the above analysis. It is apparent that in certain situations, a defendant in an ejectment action may raise the defense of laches as a preliminary objection. As previously stated, this would arise if the defendant would be entitled to specific performance if he were plaintiff. Specific performance has been defined as, ". . . an equitable remedy for the enforcement of an admitted legal right, namely, the enforcement of a contract. It follows, therefore, that no relief, equitable or otherwise, can be granted unless there exists a valid and subsisting contract." Summary of Pa. Jur., Equity §66. Thus, since no contract existed between plaintiff and defendant, Burgess would not be entitled to specific performance. Accordingly, this is not a situation wherein Burgess may raise the defense of laches as a preliminary objection.

In the alternative, even if Burgess was entitled to raise such a defense as a preliminary objection, we

believe that the same limitations cited throughout this discussion would prevent a court from ruling on this issue until such a time when all facts have been determined. That time has yet to be reached in these proceedings. Nowhere in the pleadings is there any indication for the delay in plaintiff's commencing this action. The facts do indicate that plaintiffs presently reside in Florida. This fact could explain the delay, particularly if plaintiffs were never made aware of the sale to Burgess.

The parties disagree as to the extent of pleading required by plaintiffs as to the sale. Burgess insists that plaintiffs must plead that they received no notice of the impending tax sale. On the other hand, plaintiffs believe that they must only plead the existence of a defective sale.

As is the case with most pleadings, it is insufficient to merely state a conclusion without setting forth the material facts on which the conclusion is based. Consequently, a complaint averring that a judicial sale is a nullity because of non-compliance with the Rules of Civil Procedure without more is inadequate. 2A Anderson Pa. Civ. Prac. §1019.11(e), citing Garrison v. Erb, 424 Pa. 306, 227 A.2d 848 (1967). Here plaintiffs not only stated that the tax sale was defective, but they also set out the specific defects.

Plaintiffs allege that they never received proper notice of the tax sale as required by law. The notice provisions of the tax sale statute must be strictly complied with. See In re: Tax Claim Bureau of Chester County, 208 Pa. Super. 384, 222 A.2d 602 (1966); Teslovich v. Johnson, 37 Pa. Commw. 449, 391 A.2d 11 (1978), affirmed 486 Pa. 622, 406 A.2d 1374 (1979); C. Everett, Inc. v. Ayres, 22 Pa. Commw. 422, 349 A.2d 514 (1975). The sale is con-

sidered to be invalid if proper notice is not given. Daubenspech Appeal., 48 Pa. Commw. 612, 411 A.2d 837 (1980). See also Turney Tax Sale, 30 Somerset L. J. 161 (1974). Although a person may have actual notice of the sale, they are still entitled to compliance with the statutory requirements for notice. P.L.E. Taxation §380. Thus, plaintiffs could prevail by only showing that the sale was invalid due to noncompliance with the notice requirements. This in turn would require only the pleading of a defective sale and not lack of notice.

Burgess argues that in the alternative, even if the notice requirements had not been met at the time of the sale, that 72 P.S. §5860.613-1 validates any defect. This belief may be displaced by reciting from Heckler v. Manges et al. (No. 2), 37 Somerset L. J. 130 (1979). "Where a tax sale is invalid for want of notice to the owner, a statute validating tax sales for other procedural deficiencies is not curative." Consequently, the statute does not cure the failure to meet the notice requirements if such a defect existed.

## ORDER

Now, this September 20, 1982, the preliminary objections filed by plaintiff to the preliminary objections of Elwood Burgess are sustained. Defendant's preliminary objections are overruled. Additional defendant Fetterolf's preliminary objections are sustained.

Plaintiff is allowed 20 days to file an amended complaint naming Fetterolf as a party defendant. Defendant Burgess is allowed 20 days to file an answer to the amended complaint after the same is served upon him.